Read, J.
In the case of Goodsil v. The Brig St. Louis, 16 Ohio Rep. 178, this Court decided that the act regulating the collection of claims against steamboats, and other water craft, could have no extra-territorial operation, from the terms of the act itself; and that a demand for supplies furnished, and work and labor performed upon a boat, without the limits of the State, could not be collected by suit against such boat, under said act.
This decides the whole case, and reverses the judgment of the Common Pleas, unless the act explanatory of the act of * 1840, prevents it.
The last named act was passed, and went into operation, February ' 24th, 1848. It applies the operation of the first named act, to all cases, whether they arise within or without the territory of the State of Ohio; or whether the boats, or' water *127 craft, be navigating waters within or bordering upon the State of Ohio, at the time the cause of action arose.
This cause of action arose, the suit was commenced, the judgment sought to be reversed was rendered, long prior to the passage of this last named act.
It would have been presumed that this act was intended to apply only to cases which should arise after its passage, had not the act in express terms declared: “ This act shall be held to apply as well to cases already pending, as to such as may hereafter be commenced.”
Were we disposed, we might say this case was not pending at the date of the passage of this act, but had been finally disposed of, although the writ of error has since been sued out. We do not suppose the Legislature meant to authorize all judgments to be reversed, which had been rendered previous to. the passage of the act, upon writs of error, to be sued out subsequently to the passage of said act. Such cases would not be pending, and the Legislature certainly did not intend to have all cases dug up, by writs of error, which had been finally disposed of, within the period that writs of error could issue. This, we presume, would' be a complete answer to the application of the explanatory act, in the present case.
But a graver question than all this is involved. The preamble of the explanatory act, declares that the previous acts have been so construed as to limit the beneficial operations of the same, and in part defeat the object which said acts were designed to accomplish; and therefore proceeds to declare what cases shall be embraced within said acts, and that said act shall be so construed as to embrace all such cases, whether actions be already pending in such cases, or may hereafter be commenced.
It is the right of the Legislature to enact laws, and the province of the Court to construe them. The Legislature has no power to enact a law, declaring what construction or decision the Court shall make upon acts under which rights and liabilities have already been acquired or incurred. The Court have put d construction upon the first acts alluded to, and that con *128 struction is binding upon all existing cases. The explanatory act °Perates prospectively, and has, from the time of its pas-the force and effect of a law. But as far as it assumes to encroach upon the province of the Court, and assumes to give construction to existing acts, to govern the decisions of the Court, as to cases pending, it is judicial; and as the constitution confers judicial power upon the Courts, and withholds it from the Legislature, to that extent such act will be inoperative. As a law, such an act will be enforced; as a construction of previous acts, under which cases are already pending in the Courts, it will be held void.
These are fundamental principles, about which there can be no question. 7 John. Rep. 477; 3 Wash. C. C. Rep. 313.
The judgment of the Court of Common Pleas is therefore reversed, and the cause remanded for further hearing.