White, J.
The judgment of the district court must be reversed', and that of the common pleas affirmed.
The character of the liability of the drawer of a bill of exchange must be determined from the instrument itself; and the addition of the word “ agent ” to his name, without anything else on the instrument indicating his principal, does not relieve him from personal liability as drawer of the bill.
The name of the alleged principal of Cook, — the Missouri, Kansas and Texas Tank Line Company, — nowhere appears on the bill as a party to it. Parol evidence is not admissible to add a party to the instrument who does not appear upon its face. Anderton v. Shoup, 17 Ohio St. 125; Arnold v. Sprague, 34 Verm. 402. Whoever takes negotiable paper *445 enters into a contract with the parties who appear on? the face of the instrument, and can look to no other persons for payment. Bass v. O'Brien, 12 Gray, 481; Slawson v. Loring, 5 Allen, 341, 342; Beckham v. Drake, 9 Mees. & Welsb. 92, 96. Hence the only drawer of the bills in question is Cook, the defendant in error. The addition of the word “ agent ” to his name does not relieve him from personal liability. That is merely descriptio personas. Anderton v. Shoup, supra; Collins v. Insurance Co., 17 Ohio St. 215.
It is true, as claimed by the defendant in error, that the case last cited is where the word “ agent ” was added to the name of the maker of a promissory note; but there is no distinction In this respect between the drawer of a bill of exchange and the maker' of a promissory note. Tucker Manufacturing Co. v. Fairbanks, 98 Mass. 104.

Judgment of the district court reversed, and that of the common pleas affirmed.