### E. D. WEBSTER, PLAINTIFF IN ERROR, v. J. T. WRAY DEFENDANT IN ERROR.

1. **Principal and Agent:** ACTS OF AGENTS BINDING: EVIDENCE. In an action against a third person on a simple non-negotiable contract, it being alleged in the petition that one of the parties to the contract acted as the agent of the defendant in making said contract, although he did not sign the same as agent or name the defendant as his principal, evidence will be received to show that such nominal party to the contract was authorized to make the same for the defendant, that he in fact did make the same for him, and upon such proof the defendant will be held.

2. ————: NEGOTIABLE INSTRUMENTS. No party can be charged as principal upon a negotiable note or bill of exchange unless his name is thereon disclosed.

3. ————: BANK OFFICERS. An exception to this rule arises in a case where officers or clerks in banking houses, or other persons who are permitted to act as such, receive money or securities over the bank counter and issue therefor drafts, bills, or negotiable certificates of deposit. In all such cases the banking house is ultimately liable, although such draft, bill, or certificate may be signed by such officer, clerk, or person without disclosing the name of the banking house.

REHEARING of case reported 17 Neb., 579.

*Marquett, Deweese & Hall,* for plaintiff in error, cited: Daniels Neg. Instr., §§ 303, 305. *Stackpole v. Arnold,* 11 Mass., 27. *Bradlee v. Boston Glass Manufactory,* 16 Pick., 347. *Webb v. Mouro,* 1 Greene (Iowa), 231. *Pentz v. Stanton,* 10 Wend., 271. *Arnold v. Sprague,* 34 Vt., 409. *Bass v. O'Brien,* 12 Gray, 481.

*J. Byron Jennings,* for defendant in error, cited: *Hopkins v. Lacouture,* 4 La., 65. Story on Agency, §§ 254, 258. *Commercial Bank v. Warren,* 15 N. Y., 577. *Huntington v. Knox,* 7 Cush., 371. *Mechanic's Bank v. Bank of Col.,* 5 Wheat., 326. *Fuller v. Hooper,* 3 Gray, 334. *Nicholl v. Burke,* 78 N. Y., 581.

COBB, J.

This cause came before this court at the January term, 1885, on error to the district court for Hitchcock county. The judgment of the district court was affirmed and the opinion of the court published in the 17th volume of our reports, at page 579. · Subsequently a rehearing was allowed and the cause reargued at the present term.

For a statement of the case reference is made to the original opinion, with this correction: The several causes of action contained in the plaintiff's amended petition are there described as contracts, whereas, in point of fact, the first and third of said causes of action were negotiable promissory notes, which are set out and copied in the said amended petition.

The point upon which the rehearing was allowed, and upon which we think the case turns, is, that while in the case of contracts generally, where one of the persons executing the same executes it in his own name, without disclosing his principal, or his own character as an agent, if in point of fact he was acting as the agent of another party, such other party will be held to be the real party to the contract, yet that this rule does not apply to negotiable promissory notes. ·

This question was ably argued at the bar as well as by exhaustive briefs by counsel on either side.

An examination of the authorities cited by counsel, with others referred to therein, led us all at the consultation to the conclusion that the above proposition as to both its branches expresses the law correctly. Being about to enter upon a collation of authorities upon the point of the non-liability of an unnamed principal upon negotiable paper, my attention was attracted to a citation on page 284, 1 Daniel on Negotiable Ins., to an article in the Albany Law Jour., vol. XIII., No. 19, May 6, 1876, p. 323. This

article I find so exhaustive of the subject that I will content myself by giving the conclusions of the writer and the authorities by him cited. Says our author: "But as to bills of exchange and promissory notes, it has been long settled that *he who takes negotiable paper contracts with him who, on its face, is a party thereto and with no other person.* By Lord Abinger and Parks, 9 Mees. and Welsb., 92, 96. Byles on Bills, 37. Story on Bills, § 76. Edwards on Bills, 80. Hence, evidence is not admissible to charge any other person thereon, upon the grounds of his having been the co-partner or principal of the party named. Metcalf on Contracts, 108. *Draper v. Mass. Steam Heating Co.*, 5 Allen, 340. The rule is general, if not universal, that neither the legal liability of an unnamed principal to be sued, nor his legal right to sue on a negotiable instrument can be shown by parol evidence (*Fuller v. Hooper*, 3 Gray, 334, per Metcalf, J.), *even as between the immediate parties to the transaction;* and although an agency is disclosed upon the face of the instrument, where the word 'agent' or something equivalent is added to the signature of the party signing the instrument (see cases below), the rule excluding all parol evidence to charge an unnamed principal as a party to negotiable paper is not placed upon the ground that such evidence would contradict or alter the instrument, but this exception to the general rule which governs other parol (or unsealed) agreements *is derived from the nature of negotiable paper,* which, being made for the purpose of being transferred from hand to hand, and of giving to every successive holder as strong a claim upon the maker as the original payee had, must indicate on its face who the maker is; for any additional liability of the principal not expressed in the form of such a note or bill would not be negotiable. *Barlow v. Congregational Society,* 8 Allen, 460. As between the unnamed principal and a subsequent holder, the reason for the rule in question seems perfectly clear and satisfactory; but as between the immediate parties to the

transaction, does the reason for its application exist? For example, an agent purchases goods, discloses the name of his principal, and having express authority gives the vendor a negotiable promissory note for the price, signing it with his own name alone, without any addition, or, let us say, with the addition of the word 'agent' to his signature. In such a case it is held that the payee cannot recover against the principal upon the instrument, because it is negotiable and his name is not disclosed upon it; but what material difference does it make whether the instrument is negotiable when it has not been negotiated.

"But it must be confessed that the weight of authority, if not of reason, is in favor of the rule excluding all parol evidence, even as between the immediate parties to the transaction. It is held that, although the party executing the instrument describes himself as 'agent,' yet, if the name of the principal is not disclosed upon the face of it, all evidence *dehors* the instrument, for the purpose of holding him thereon, is to be excluded. It is wholly immaterial, therefore, that the agent had full authority to make it in behalf of his principal; that the consideration was exclusively received for his benefit; that the plaintiff knew the agent's principal, and accepted the note as the promise of the principal. *Williams v. Robbins,* 16 Gray, 77. *Slawson v. Loring,* 5 Allen, 340. See also *Stackpole v. Arnold,* 11 Mass., 27. *Brown v. Parker,* 7 Allen, 337. *Bedford Com. Ins. Co. v. Covell,* 8 Metc., 442. *Bass v. O'Brien,* 12 Gray, 477. *Pentz v. Stanton,* 10 Wend., 271. *Thurston v. Mauro,* 1 Greene (Iowa), 231. *Kenyon v. Williams,* 19 Ind., 45. *Anderton v. Shoup,* 17 Ohio S., 125. *Taber v. Cannon,* 8 Metc., 456. *East R. R. Co. v. Benedict,* 5 Gray, 561. *Bank of America v. Hooper,* Ib., 567. *De Witt v. Walton,* 5 Seld., 571. And *Tucker Manf. Co. v. Fairbanks,* 98 Mass., 101."

No fault can be found with the opinion and decision of the court, so far as the second and fourth causes of action

36

are concerned. But in regard to the first and third causes of action we failed to distinguish between simple contracts in general and negotiable paper.

Upon reargument and reconsideration of the authorities, we reach the conclusion that the district court erred in admitting evidence on the trial introduced by the plaintiff for the purpose of showing that T. B. Webster executed and delivered the promissory notes set out in the first and third causes of action in the amended petition of the plaintiff in said court as the agent or partner of E. D. Webster, and in holding said E. D. Webster thereon.

The judgment of the district court is therefore reversed, and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.

THE other judges concur.