[Civil No. 1282. Filed April 15, 1913]

[131 Pac. 154.]

JOHN R. RICHARDS and ISABEL RICHARDS, His Wife, Appellants, v. PAUL B. WARNEKROS and NANIE E. WARNEKROS, His Wife, Appellees.

1. EVIDENCE—PAROL EVIDENCE—NOTES—PERSONS LIABLE.—A negotiable instrument passes solely on the credit of the maker, and it is not permissible, in an action thereon, to show that the maker was agent for a third person so as to charge such third person.

2. HUSBAND AND WIFE—COMMUNITY PROPERTY—CHATTEL MORTGAGE.— Under Civil Code of 1901, paragraph 3104, providing that during coverture personal property of the community shall be disposed of by the husband only, a chattel mortgage on community property securing a note, both signed only by the wife individually, is not enforceable, even though she was in fact acting as agent for husband in giving them.

3. ACTION—MISJOINDER—PARTIES INVOLVED.—An action against the wife on a note signed by her individually is improperly joined with one against her husband and herself on notes and mortgages jointly given, for it is a prerequisite to the joinder of causes of action that all shall affect all of the parties defendant.

APPEAL from a judgment of the Superior Court of the County of Cochise. J. E. O'Connor, Judge. Reversed and remanded.

The facts are stated in the opinion.

Messrs. Pickett & Pickett, for Appellants.

Mr. Geo. H. Neale, for Appellees.

ROSS, J.—This is an action brought by appellees to collect three past-due promissory notes. Two of the notes, and realty mortgages to secure them, were executed jointly by appellants, who are husband and wife, and one of the notes and a chattel mortgage to secure its payment were executed by the appellant wife alone. Three separate causes of action are set forth in the complaint, one on each note and mortgage, with prayers for judgment and foreclosure. In addition to the ordinary allegations in a suit on a promissory note and to foreclose, in the third cause of action (the one based on the note and mortgage executed by the wife alone) are the further allegations: That Isabel Richards in executing note and mortgage did so as the agent of her husband, John R. Richards, and with his knowledge and consent, and that same were given in payment for community property. The appellants interposed to the complaint a special demurrer to the effect that several causes of action were improperly united, in that the first two causes of action were against both appellants and the third cause of action showed upon its face that Isabel Richards alone was liable. Demurrer was overruled. Appellants by their answer admitted that the property covered by the chattel mortgage is community property and asserted that it could not be encumbered or disposed of during coverture, except by the husband. Judgment went against the appellants on the three causes of action, but complaint, on this appeal, is directed only to the judgment on the third cause of action.

We shall consider but one of the appellants' assignments of error, namely, that the court erred in overruling the special demurrer.

The appellees proceeded against the appellants jointly on the note and mortgage executed in the name of the wife alone,

upon the theory that the wife in negotiating the loan and in the execution of those instruments acted as the agent of her husband.

The instrument here sued on is a negotiable promissory note. On its face it is the individual note of Isabel Richards. There is nothing in the note or mortgage to indicate that she was acting other than as principal. The absence of a suggestion of the relation of principal and agent in negotiable paper, such as bills and notes, under all of the decisions has the effect of preventing proof of that relation.

In the note to *McDonough* v. *Templeman*, 2 Am. Dec. 518, quoting Byles on Bills, 37, and Wharton on Agency, section 290, it is said: "In regard to negotiable paper, on account of its qualities, none but those appearing on its face as bound can be held liable; and hence no evidence can be admitted to charge parties whose names do not appear thereon."

In *Webster* v. *Wray*, 19 Neb. 558, 56 Am. Rep. 754, at page 756, 27 N. W. 644, the decisions involving this question are collated. That court, after reviewing many of the cases, made its deduction in the following language: "But it must be confessed that the weight of authority, if not of reason, is in favor of the rule excluding all parol evidence, even as between the immediate parties to the transaction. It is held that, although the party executing the instrument describes himself as 'agent,' yet, if the name of the principal is not disclosed upon the face of it, all evidence *dehors* the instrument, for the purpose of holding him thereon, is to be excluded. It is wholly immaterial, therefore, that the agent had full authority to make it in behalf of his principal; that the consideration was exclusively received for his benefit; that the plaintiff knew the agent's principal, and accepted the note as the promise of the principal. *Williams* v. *Robbins*, 16 Gray [Mass.], 77, 77 Am. Dec. 396; *Slawson* v. *Loring*, 5 Allen [Mass.], 340, 81 Am. Dec. 750. See, also, *Stackpole* v. *Arnold*, 11 Mass. 27, 6 Am. Dec. 150; *Brown* v. *Parker*, 7 Allen [Mass.], 337; *Bedford Com. Ins. Co.* v. *Cowell*, 8 Met. [Mass.] 442; *Bass* v. *O'Brien*, 12 Gray [Mass.], 477; *Pentz* v. *Stanton*, 10 Wend. [N. Y.] 271, 25 Am. Dec. 558; *Thurston* v. *Mauro*, 1 G. Greene [Iowa], 231; *Kenyon* v. *Williams*, 19 Ind. 45; *Anderton* v. *Shoup*, 17 Ohio St. 125; *Taber* v. *Cannon*, 8 Met. [Mass.] 456; *East R. R. Co.* v. *Benedict*, 5 Gray [Mass.],

561, 66 Am. Dec. 384; *Bank of America* v. *Hooper,* 5 Gray [Mass.], 567, 66 Am. Dec. 390; *De Witt* v. *Walton,* 5 Seld. [9 N. Y.] 571; and *Tucker Mfg. Co.* v. *Fairbanks,* 98 Mass. 101.''

In *Briggs* v. *Partridge,* 64 N. Y. 357, 21 Am. Rep. 617, the court, after stating ''that a principal may be charged upon a written executory contract entered into by an agent in his own name, within his authority, although the name of the principal does not appear in the instrument, and was not disclosed, and the party dealing with the agent supposed that he was acting for himself, and that this doctrine obtains as well in respect to contracts which are required to be in writing, as to those where writing is not essential to their validity,'' further stated that: ''There is a well-recognized exception to the rule in the case of notes and bills of exchange, resting upon the law-merchant. Persons dealing with negotiable instruments are presumed to take them on the credit of the parties whose names appear upon them; and a person not a party cannot be charged upon proof that the ostensible party signed or indorsed as his agent.''

In *Cragin* v. *Lovell,* 109 U. S. 194, 27 L. Ed. 903, 3 Sup. Ct. Rep. 132, it was held (quoting from syllabus) : ''Upon a negotiable promissory note made by an agent in his own name, and not disclosing on its face the name of the principal no action lies against the principal.''

Daniel's Negotiable Instruments, third edition, section 300, says: ''It is a general principal of commercial law that a negotiable instrument must wear no mask, but must reveal its character upon its face. And it extends to the liability of parties thereto, who must appear as distinctly as the terms of the instrument itself, in order to be bound by those terms.''

The note being negotiable and signed by Isabel Richards alone, John R. Richards, under the law, is not liable therefor, and suit thereon against him, as principal, cannot be maintained.

There is a misjoinder of causes of actions, as in the first two causes both appellants were jointly liable and in the third cause the wife only was liable. Paragraph 1351, Revised Statutes of 1901, provides that the defendant may demur where ''several causes of action are improperly united.'' The chattel mortgage given by the wife to secure her note was upon

community property and unenforceable, as "during coverture personal property may be disposed of by the husband only." Par. 3104, Rev. Stats. 1901. The note given by the wife was her individual obligation for which she and her separate property only were liable. In a suit on the note her husband would not be a necessary party, and should he be joined he would be only a nominal defendant without liability to pay any judgment obtained. "It is a prerequisite to the joinder of causes of action that all of the causes should affect all the parties defendant to the action." *Benson* v. *Battey*, 70 Kan. 288, 3 Ann. Cas. 283, and note, 78 Pac. 844.

The special demurrer of appellants should have been sustained, as there was clearly a misjoinder of causes of action. The judgment is reversed and cause remanded, with directions that further proceedings be had not inconsistent with this opinion

FRANKLIN, C. J., and CUNNINGHAM, J., concur.

NOTE.—As to admissibility of parol evidence to vary terms of negotiable instrument, see note in 56 Am. St. Rep. 668.

As to negotiable instruments as affected by the law of undisclosed principal, see note in 55 Am. St. Rep. 919.