[Civil No. 1348.   Filed April 16, 1914.]

[140 Pac. 60.]

ARIZONA LIFE INSURANCE COMPANY, a Corporation, Appellant, v. JOHN LINDELL, Appellee.

1. PRINCIPAL AND AGENT—EVIDENCE OF AGENCY—PAROL EVIDENCE.—In an action against an insurance company to recover a cash payment made by plaintiff on a stock subscription agreement, oral evidence was admissible to show that the person with whom plaintiff contracted for the return of the payment was acting as defendant's agent, so that defendant was bound by the contract, though not an ostensible party thereto.

2. PLEADING—DENIAL—VERIFIED DENIAL—AUTHORITY OF AGENT.—In an action on a written contract by the agents of defendant insurance company to return a cash payment made on a stock subscription any time within ninety days, an allegation that such contract was made by defendant's agent was admitted if not denied by a verified answer under Civil Code of 1901, paragraph 1358, requiring an answer denying the execution by defendant's authority of a writing upon which a pleading is founded to be verified by affidavit.

3. CORPORATIONS—ULTRA VIRES ACTS—NECESSITY OF PLEADING.—A corporation must specifically plead its want of power to do an act upon which liability by it is predicated.

   [As to *ultra vires* contracts of corporations, see note in 70 Am. St. Rep. 156.]

4. INTEREST—RIGHT TO RECOVER.—In an action against an insurance company to recover an amount paid on a contract to subscribe for its corporate stock under its agreement to return the payment within ninety days, if demanded, plaintiff, upon recovering, should be allowed interest from the date of his demand for the return of the payment.

APPEAL from a judgment of the Superior Court of the County of Yavapai. Frank O. Smith, Judge. Modified and affirmed.

The facts are stated in the opinion.

Messrs. Hayes & Laney, for Appellant.

Mr. Richard P. Talbot and Mr. Daniel E. Parks, for Appellee.

ROSS, J.—The appellant insurance company, acting by its agent, George Moselle, on July 31, 1911, and the appellee, acting in his own behalf, had dealings and transactions as follows: The appellee subscribed to fifty shares of the capital stock of the appellant insurance company, agreeing to pay therefor $25 per share, $312.50 in cash, and balance of $937.50 in notes bearing six per cent interest. Simultaneously, and as a part of the same transaction, another paper was executed and delivered to appellee, to wit:

"Temporary Receipt.
"July 31, 1911.
"Received of John Lindell of Prescott subscription for fifty shares of the capital stock of the Arizona Life Insurance Com-

pany, at $25.00 a share, upon which following settlement has been made; $312.50 cash and note for $937.50 for nine months, bearing six (6) per cent interest, from September 1st. Of the settlement made under this subscription, there shall be deposited with Prescott National Bank of Prescott for the benefit of the company an amount equal to eighty (80) per cent, which shall only be subject to withdrawal by the properly elected certifying settlement as above.

"ARIZONA LIFE INSURANCE CO.,

"GEO. MOSELLE, Agent."

Indorsed on the back thereof, in writing, was this memorandum agreement:

"I hereby agree to return to John Lindell at the end of ninety days his full subscription or any part of same, as he may desire.

"[Signed] GEO. MOSELLE."

Appellee made the cash payment to Moselle, the agent of the appellant, and delivered to him his note or notes for balance. Within ninety days from July 31, 1911, appellee demanded of the appellant the return of the cash payment of $312.50, which was refused. No other payments were made, and no stock was ever issued to appellee. This suit was instituted to recover the cash payment of $312.50. It was tried by the court without a jury, and judgment went against appellant for the full amount, together with interest at six per cent from July 31, 1911. From the judgment and order overruling motion for a new trial, this appeal is prosecuted.

It is the contention of appellant that the written indorsement on the temporary receipt was the personal obligation of Moselle and not the obligation of the insurance company, and that the court erred in admitting it in evidence and in permitting witness Lindell (appellee) to testify that Moselle told him that he was acting, in making such agreement, for and in behalf of the company and not for himself, because said evidence was for the purpose of varying or altering the unambiguous terms of a written contract.

The memorandum agreement to refund the cash payment made by appellee is certainly binding upon Moselle, who signed it, but the question is whether the rules of evidence will permit the use of oral evidence for the purpose of showing that, in the execution of the agreement, Moselle was the

agent acting for and in behalf of his principal, the insurance company, and though the latter is not disclosed as principal, yet it is bound by the agreement.

Jones, in his commentaries on Evidence, volume 3, section 452, states the rule: "In order to charge the real principal, it is always competent, in whatever form a parol or written contract is executed by an agent, to ascertain by evidence *dehors* the instrument who is the principal; whether it purports to be the contract of an agent or is made in the name of the agent as principal. So that, while, if one signs an agreement without indicating in any way that he acts as agent for a principal, he cannot, in order to escape the liability, prove by parol that he was acting for another, yet such agency may be proved for the purpose of binding the principal, or for the purpose of giving the principal the benefit of the contract."

Wigmore on Evidence, volume 4, section 2438, gives the rule as follows: "(a) In the first place, where the unnamed principal is unknown to the obligee, it is proper to give force to the contract between principal and agent for the purpose of charging or entitling the principal, though not of exonerating the agent, unless in the particular case the document plainly was intended to deal otherwise with the transaction. (b) In the second place, where the unnamed principal was known to the obligee but nevertheless not named in the document, the rule may here equally permit the agreement to be available for the former purpose above mentioned; yet the ordinary inference will be that the named parties intended the document to be exclusive of all other parties, unless a contrary intention be made to appear."

In 10 Cyc. 1051, the rule is stated to be: "Another branch of this doctrine, applicable to simple contracts in writing other than negotiable instruments, but not applicable to negotiable or to sealed instruments, is that, where the contract in point of fact is executed by an agent on behalf of an undisclosed principal, the fact that it was so executed may be proved by parol evidence, so as to charge the undisclosed principal, but not for the purpose of releasing the agent. This rule applies whether the unnamed principal is a natural person or a corporation."

In *Barbre* v. *Goodale*, 28 Or. 465, 43 Pac. 378, 379, the question was as to "whether it is competent to show by parol testimony that a contract executed by and in the name of an agent is the contract of the principal, where the principal was known to the other contracting party at the date of its execution." That court held the better rule to be to allow the parol testimony, stating: "That the intention of the party must be gathered from his words, and the various circumstances which surround the transaction, as its practical effect is to promote justice and fair dealing. . . . This doctrine must be limited to simple contracts, and may not be extended to negotiable instruments and specialties under seal, as they constitute an exception to the rule."

In *Richards* v. *Warnekros*, 14 Ariz. 488, 131 Pac. 154, it was held by this court that parol testimony was not admissible to bind a principal whose name is not disclosed upon the face of a negotiable instrument, and suggested inferentially a contrary doctrine as to simple contracts.

We think the evidence complained of was properly admitted, and that the finding of the court that Moselle, in making the agreement to refund, acted for and in behalf of the insurance company is fully sustained by the evidence. But it is contended by appellant that the agent Moselle in making such agreement exceeded his authority, and that there was a want of power in the insurance company to enter into such an agreement, as it is in excess and outside of its charter rights. These questions were not raised by the appellant in its answer. The answer is an unverified general denial. Our statute (par. 1358, Rev. Stats. 1901) provides that an answer denying "the execution by himself or by his authority of any instrument in writing upon which any pleading is founded, in whole or in part, and charged to have been executed by him or by his authority," unless the truth of the pleadings appear of record, shall be verified by affidavit.

This action is founded on the written promise to return the cash payment at any time within ninety days, if so desired by appellee, and it is charged in the complaint that the instrument containing such promise was executed by appellant, acting by and through its authorized agent Moselle. Under the law, without a verified denial of this allegation,

it stands admitted as true. *City Water Works* v. *White,* 61 Tex. 536; 3 Thompson on Corporations, sec. 3253.

The want of power in the appellant to make the agreement, not having been set up in its answer, is not before the court.

"On the theory that affirmative defenses must be specially pleaded, in order to raise the question of the want of power of a corporation to perform a particular act, or the authority of some officer or agent to execute the instrument in controversy, or that a particular transaction is. illegal, the want of power on the part of the corporation to do the act, or the lack of authority on the part of the officer or agent executing the instrument, or the illegality of the transaction, must be specially pleaded." 3 Thompson on Corporations, sec. 3254.

The court gave judgment for interest at six per cent per annum from July 31, 1911, the date upon which appellee paid the $312.50 cash payment. The evidence is to the effect that appellee demanded the return of his money within the ninety days, but no definite day is fixed.

We think that interest should be allowed only from the date of demand, and under the evidence that might have been the last day of the ninety days in which he was permitted to exercise his option of demanding a return of his $312.50. The interest should run from October 31, 1911.

Let the judgment be modified in that respect, and, as thus. modified, affirmed.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.