## ATLANTIC PIPE LINE CO. v. HUNTSVILLE STATE BANK.

### No. 9621.

Court of Civil Appeals of Texas. Galveston.
Nov. 18, 1931.

James L. Shepherd, Jr., of Houston, Thos. R. Freeman, of Dallas, and W. M. Ryan and Baker, Botts, Andrews & Wharton, all of Houston, for appellant.

McKinney, Henson & Thomason, of Huntsville, for appellee.

PLEASANTS, C. J.

This is a suit by the appellee against the appellant to recover the sum of $150, the amount paid by it for a check drawn on the Republic National Bank of Dallas by R. J. Sinn, clerk, and payable to R. John Sinn and indorsed by him to appellee.

Plaintiff alleged that on or about October 26, 1928, while constructing a pipe line through Walker county, defendant opened an office in Huntsville, in which it employed R. J. Sinn; that said Sinn presented himself at the bank, and represented himself as an agent and employee of the defendant, and drew certain checks on the Republic National Bank of Dallas, where Sinn represented himself to have an account placed to his credit by defendant, upon which he represented himself to be authorized by defendant to draw checks for the ·purpose of paying expenses incurred by defendant in the construction of the pipe line; that thereafter R. J. Sinn drew a large number of checks against the account in the Republic National Bank of Dallas, the last being dated November 27, 1928, all of which were cashed by plaintiff and forwarded to Republic National Bank of Dallas, by which institution they were honored and paid.

Plaintiff further alleged that thereafter, on January 31, 1929, R. J. Sinn again appeared at the plaintiff bank, represented that he was still in the employ of defendant, and cashed the check sued upon, drawn to his own order; said check being in words and figures as follows:

"Check No. 10187

"Dallas, Texas, Jan. 31, 1929.

"The Republic National Bank of Dallas Pay to the order of R. John Sinn $150.00 One Hundred and Fifty Dollars and no cents.

"R. J. Sinn, Clerk.

"For T. V. 100645."

On the back of which said check appeared the following note and indorsement:

"Endorsement must be made by Payee exactly as check is drawn.

"R. John Sinn."

Plaintiff alleged that the check was forwarded to the· Republic National Bank of Dallas, on which it was drawn, by which institution it was returned unpaid, that thereafter plaintiff made demand on defendant for the payment of said check, which defendant refused because the said R. J. Sinn was no longer in its employ, and was not its agent at the time the check was drawn, and that he had no authority from defendant to draw it.

The plaintiff further pleaded that it had no notice of the termination of Sinn's agency, and that by its ratification of the prior acts of Sinn, upon which plaintiff had relied, defendant was estopped to deny Sinn's authority to execute the check. The petition concluded with a prayer for judgment for $150, the amount of the check.

The defendant in due time filed its answer, which consisted of a general demurrer and general denial, and its amended answer, which consisted of a sworn denial that the check sued upon was executed by it or by its authority.

The trial in the justice court resulted in a judgment in favor of plaintiff for the full amount claimed. A trial de novo with a jury on appeal to the county court resulted in a verdict in favor of plaintiff upon the only issue submitted to the jury, which was:

"Did the plaintiff, The Huntsville Bank, its agents or employees, at the time of the cashing of the check sued on, have notice or knowledge of facts and circumstances which would have caused a reasonably prudent man under the same or similar circumstances, to make inquiry as to whether or not the said R. J. Sinn, Clerk, had the authority to draw such check?

"Answer: 'Yes' or 'No.'"

Judgment in the county court followed this verdict in favor of appellee.

The undisputed evidence shows that the drawer of the check had no authority from appellant to make such draft, was not an employee of the appellant at the time the check was drawn, and had not been for more than two months prior thereto. The name of appellant not appearing upon the face of the check, and not being indicated thereby, no liability of appellant can be predicated upon the check unless appellant by express agreement with appellee had authorized the drawing of the check, or by its previous course of dealing with appellee, or because of benefit received by it therefrom, can be held estopped to deny its liability. Sections 18 and 42, articles 5932, 5934, R. S. 1925; Texas Land & Cattle Co. v. Carroll & Iler, 63 Tex. 48; Anderson v. Shoup, 17 Ohio St. 125.

There is no evidence to sustain any of these grounds of liability of appellant. It is undisputed that the appellee had no agreement or communication with appellant in regard to the check until after its payment was refused, and that no part of the consideration paid by the appellee was received by appellant, or used for its benefit. The only ground of liability of appellant urged by appellee is the fact that, some two months prior to the time this check was drawn, the drawer of the check, Sinn, being then in the employment of the appellant in Walker county as "field clerk," had drawn a number of checks "for the purpose of paying expenses of appellant in constructing its pipe line" through Walker county, which had been cashed by appellee and paid out of a fund provided by appellant in the Republic National Bank of Dallas. The construction of appellant's pipe line through Walker county had been completed and Sinn's employment by the appellant terminated some two months prior to the drawing of the check upon which this suit is brought.

We find nothing in the facts alleged or proven by appellee upon which an estoppel against appellant to deny liability on the check can be based.

This conclusion requires that the judgment of the trial court be reversed and judgment here rendered in favor of appellant, and it has been so ordered.

Reversed and rendered.