288 P.2d 487

**A. D. GENTRY, Appellant,**

**v.**

**M. S. ANDREWS, Appellee.**

**No. 6031.**

Supreme Court of Arizona.

Oct. 11, 1955.

Moore & Moore, Phoenix, for appellant. McKesson Renaud, J. Gordon Cook, & John A. Metheany, Phoenix, for appellee.

PHELPS, Justice.

This is an appeal from a judgment in favor of M. S. Andrews, defendant-appellee, and against A. D. Gentry, plaintiff-appellant. The parties will be hereinafter designated as plaintiff and defendant.

Because of the confusion in the pleadings as well as in the proceedings of the court we will detail the facts more specifically than would otherwise be necessary.

Orders were made on motions which did not exist and arguments were had on motions which had previously been disposed of, etc.

On February 9, 1953, plaintiff entered into a written agreement with M. T. Furqueron and wife and E. M. Furnier and wife wherein he leased to them for a period of one year from date thereof

"1 Portable metal building to be used as a cafe unit at 501 West Madison

Ave. approx. size 10 ft. x 24 ft., together with fixtures which are attached to said building. Plus: 1 four-hole toastmaster, one cash register, one malt mixer, one portable soup kitchen, one deep fat frier."

The lessees were given the option to renew the lease for an additional two years subject to the lessor's (Gentry's) land lease.

On the 14th day of April, 1953, plaintiff executed a written instrument in which among other things he consented to the assignment by the above-named lessees of their lease to defendant in words and figures as follows:

"I do hereby consent to the assignment of the within lease to M. S. Andrews, and in consideration of his agreeing to be bound hereby I have agreed with him and with the lessors named within that the $750.00 deferred balance may be paid as follows: $375.00 on August 9, 1953, as rent for August and December, 1953 and January, 1954; and $125.00 on the 9th day of each of the months of September, October and November, 1953. "Dated April 14, 1953.

"(Signed) A. D. Gentry"

On the following day, April 15, 1953, the lessees and defendant executed the following written assignment of said lease:

"For a valuable consideration receipt whereof is hereby acknowledged we do hereby assign to M. S. Andrews all our right, title and interest in and to the within lease; and the said S. H. (M. S.) Andrews has agreed to make all future payments to fall due thereunder, as per revised schedule noted below.

"(Signed) M. T. Furqueron
Etherl Furqueron
E. M. Furnier
Ella M. Furnier

"Dated this 15th day of April, 1953.

"Accepted as stated:

"(Signed) M. S. Andrews
2501 N. 35th Pl."

Both of these written instruments were endorsed on the back of the original lease, one above the other and the clause "as per revised schedule noted below" referred to the written consent of A. D. Gentry hereinabove set out haec verba.

The defendant refused to pay the first installment of rent in the sum of $375 falling due on August 9, 1953, or any subsequent installment thereof.

Plaintiff thereupon filed an action against defendant upon his default on the $375 installment and later after all installments had become due he filed a second supplemental amended complaint seeking recovery of the full amount of $750 stipulated in said assignment of lease as the amount to be paid for the remainder of the term of the lease.

Defendant entered a general denial to the complaint and interposed as an affirmative defense that the complaint did not state a cause of action. The answer was not verified nor did it plead payment of the rent provided for under the terms of the assignment.

On December 1, 1953, defendant filed a motion for summary judgment which was taken under advisement and on February 3, 1954, was denied.

On February 8, 1954, plaintiff filed a motion for judgment on the pleadings which was denied the following September 8 by an order nunc pro tunc as of July 8, 1954. On September 4 the court filed its written order granting defendant's motion for judgment in his favor at the close of plaintiff's case and ordered "that judgment be entered in favor of defendant and against plaintiff dismissing the action with prejudice" and ordering that it be entered nunc pro tunc as of August 25, 1954. The minute entry on this order was made September 8, 1954.

The records disclose that on August 28 there was filed in the superior court a written order bearing date of August 25 signed by the presiding Judge in which defendant's motion to dismiss the above-entitled action with prejudice was granted and the cause was ordered dismissed. No minute entry was made of this order. As a matter of fact, the records disclose no motion by defendant for judgment at the close of plaintiff's case, either in writing or in the reporter's transcript of the proceedings in court at that time. It is from this judgment, however, that appeal is taken.

Plaintiff assigns as error first that the court erred in denying his motion for judgment on the pleadings and contends that under the provisions of section 21–430, A.C.A.1939, that the answer was required to be verified. Section 21–430, supra, reads as follows, insofar as here material:

"An answer setting up any of the following matters, unless the truth of the pleading appear of record, shall be verified by affidavit".

Subsection 6 thereof provides:

"A denial of the execution by himself or by his authority of any instrument in writing upon which any pleading is founded, in whole or in part, and alleged to have been executed by him or by his authority, and not alleged to be lost or destroyed; * * *."

Plaintiff further contends that it was necessary for defendant to affirmatively plead payment of the rental provided to be paid under the terms of the lease as required under the provisions of section 21–406, A.C.A.1939. Section 21–406, supra, reads as follows insofar as material here:

"In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of considera-

**274**

tion, fraud, illegality, laches, license, *payment,* release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. * * *" (Emphasis supplied.)

Defendant neither verified his answer nor alleged payment of rent. The statutes required him to do both to avail himself of such defenses.

Plaintiff further assigns as error that the court erred in granting defendant's motion for a judgment in his favor at the close of plaintiff's case.

Defendant contended and evidently convinced the court that the assignment of the lease by Furqueron and Furnier to defendant was required under the law to be acknowledged for the reason that it conveyed an interest in real estate and not being acknowledged, it was void.

In the first place Furqueron and Furnier have not questioned the validity of this assignment and so far as the records disclose, Andrews either took possession of the property and enjoyed the benefits thereof or if he did not he had the legal right to do so. Plaintiff put on no evidence as to this fact.

Under the pleadings in this case the court should have granted plaintiff's motion for judgment on the pleadings for the reason the statute required the answer denying the execution of the written contract of assignment to be verified and it further provides payment must be affirm-atively plead. Defendant complied with neither of these requirements. The statutes above set forth are clear and unambiguous. No authority is needed to support them. However Colboch v. Aviation Credit Corporation, 64 Ariz. 88, 166 P.2d 584, is directly in point on the question of the verification of answer in this case. The case of Daggs v. Phoenix Nat. Bank, 5 Ariz. 409, 53 P. 201, cited by appellee discusses the necessity of verifying an answer to a counterclaim in an action where the complaint was based upon a promissory note. The court held the counterclaim need not be verified except as to matters therein pleaded which were required to be under oath, thus sustaining plaintiff's position in the instant case. It is not the contention of plaintiff that an answer to a pleading must be verified except where the answer denies the execution of a written agreement. The pleading of the defendant constituted no defense to the cause of action.

The written assignment of the lease from Furqueron and Furnier to defendant and the consent thereto by plaintiff must be construed together. They clearly disclose a contract between plaintiff and defendant in which plaintiff states that in consideration of defendant's agreeing to be bound by the assignment he had agreed with defendant and with the lessors that the balance of the rent should be paid in instalments as therein provided. With this written consent before him Andrews agreed to make all payments therein provided at the time they became due.

This is a binding agreement between plaintiff and defendant based upon a valuable consideration and therefore enforceable in law without being acknowledged. This would be true even if it were conceded that it be merely a contract to lease rather than a lease itself and therefore did not at law create the relation of landlord and tenant between plaintiff and defendant. Under the ruling in Murphey v. Brown, 12 Ariz. 268, 100 P. 801, the rent provided to be paid in said assignment contract is recoverable in this jurisdiction in a single cause of action. The reason given in that case is that the contract to lease creates an equitable lease and that since law and equity are not separated in this jurisdiction the court, when it takes hold of a cause of action, will exercise both law and equitable jurisdiction in order to do justice in the case. The court therefore committed reversible error in not granting plaintiff's motion for judgment on the pleadings for the reasons above stated. Plaintiff was not required to prove defendant signed the contract of assignment nor was he required to introduce evidence of nonpayment of rent. These facts were confessed by failure to verify the answer and by failure to affirmatively plead payment. The court further erred in granting defendant's motion for judgment in his favor at the close of plaintiff's case.

Judgment is reversed with directions to the lower court to enter judgment for plaintiff together with interest at 6 per cent and for all costs of court.

LA PRADE, C. J., and UDALL, WINDES, and STRUCKMEYER, JJ., concur.