346 P.2d 140

CITY OF PHOENIX, a municipal corporation, Appellant,

v.

Irma LINSENMEYER, Ernest Linsenmeyer and Robert Linsenmeyer, Executors of the Estate of Ottilia Linsenmeyer, Deceased, Appellees.

No. 6502.

Supreme Court of Arizona.

Nov. 12, 1959.

William C. Eliot, City Atty., and George Mariscal, John F. Mills, Dale E. Marenda, Asst. City Attys., Phoenix, for appellant.

Brice I. Bishop and Donald R. Kunz, Phoenix, for appellees.

PHELPS, Chief Justice.

The present action was commenced by the duly appointed executors of the lessor of certain premises, against the City of Phoenix, lessee. The executors allege that certain "sewer and water connections" became the property of the lessor upon termination of the lease, and that their subsequent sale and removal constituted conversion against the estate.

In 1946 the City of Phoenix undertook to build and operate an "Emergency Veteran's Housing Project". Pre-fabricated housing units were acquired from the Federal Government. The City sought suitable land upon which to erect them. At that time the city manager began to negotiate with Mrs. Ottilia Linsenmeyer for the leasing of her property located on the northeast corner of Sixteenth and Roosevelt streets. Mrs. Linsenmeyer seemed to be reluctant to accept the monetary terms offered by the City (initially only $125 per month for approximately ten acres of land). Thereupon the city manager explained to her that the project would require the installation of considerable water and sewer pipe, and that upon termination

of the lease title to all the pipe installed and used in connection with the project, would pass to her as additional rent. With the approval of Mrs. Linsenmeyer the city attorney's office prepared an instrument which she and the city manager believed to embody the terms of their oral agreement. This document, in addition to the money rental reserved to the lessor provided:

"Lessee further agrees that all *sewer and water connections* used in the operation of said Veteran's Emergency Housing Project on said premises shall remain installed." (Emphasis ours.)

The validity of this transaction was immediately challenged, City of Phoenix v. Superior Court of Maricopa County, 65 Ariz. 139, 175 P.2d 811, and found to be a nullity. The city council's resolution empowering the city manager to execute the lease had not been enacted pursuant to the prescribed procedure required by the city charter. Thereupon the city council of the City of Phoenix validly re-enacted the authorizing resolution and directed the city manager to execute "that certain lease between the City of Phoenix and Ottilia Linsenmeyer, dated March 1, 1946."

In the construction and operation of the project three classes of pipe were installed on the premises, viz.: (1) Underground "mains" to connect the land with existing city sewer and water systems; (2) Pipe and plumbing installed in the housing units for use with shower, lavatory, kitchen, laundry, etc.; and (3) Pipe necessary to connect the plumbing in category one, supra, with the plumbing in category two, supra. Upon termination of the operation of the housing units and their removal from the leased premises, the city caused all of the pipe and plumbing in categories (2) and (3), supra, to be sold to third persons engaged by the city to wreck and remove the housing units. Only the pipe and plumbing in category (1), supra, was allowed to remain on the premises

Mrs. Ottilia Linsenmeyer passed away in 1951, and her will was duly admitted to probate. In 1952 when the housing units were being removed at the instance of the city, the first dispute arose. Mr. Otto Linsenmeyer instituted an action against the city claiming an interest in the pipe in question as devisee under his mother's will of one-half the land covered by the lease. His theory was that upon termination of the lease title to the pipe having passed to Mrs. Linsenmeyer it became "fixtures", and that its subsequent sale and removal gave him a claim against the city for conversion. Judgment upon a jury's verdict in his favor was reversed by this Court, City of Phoenix v. Linsenmeyer, 78 Ariz. 378, 280 P.2d 698, 701, 52 A.L.R.2d 219, holding that the pipe was not realty, but personalty, and that Mr. Linsenmeyer was not therefore a proper party plaintiff. This Court also stated that " * * * if

there be a right of recovery, the personal representative is the only one entitled to seek the same." Thereupon the executors of Mrs. Linsenmeyer's estate, the appellees herein, commenced the instant action.

The amended complaint alleged that a contract of lease had been entered into by the city and Mrs. Linsenmeyer, setting out the lease by reference thereto in haec verba. It then alleged in Count I:

"That by reason of said contract, all sewer and water connections above ground level used in the operation of the Emergency Veterans Housing Project on said premises became and were the personal property of said Ottilia Linsenmeyer."

and in Count II of said amended complaint on which appellees elected to stand, it was alleged that

"* * * upon the expiration of said contract or any extension thereof, * * * that all sewer and water connections used in the operation of the Emergency Veterans Housing Project on said premises should remain as installed."

and that the city in effecting a sale and removal of certain of this pipe had been guilty of conversion.

*By its amended answer the defendant city specifically admitted that it had entered into the contract with the plaintiff.*

But it denied the construction placed upon the agreement by the plaintiff or that it had converted any pipe which by the terms of the lease, had vested in Mrs. Linsenmeyer. Also controverted by the city were the damages claimed by the plaintiffs.

Upon trial it was not disputed that the City of Phoenix had sold the pipe in question and therefore the primary consideration was the construction to be placed upon the words "sewer and water connections" as that term was used in the lease; or in other words, was it the intent of the parties that all of the pipe in categories (1) and (3) should vest in Mrs. Linsenmeyer upon expiration of the lease? The jury has resolved this question in favor of the appellees, and the appellant does not attack the jury's findings on appeal.

In presenting their brief on appeal counsel for appellant urge the following:

1. That there was no proof of the authority of the city manager as an agent of the city, to agree for the *over and above* consideration.

2. That the lease as interpreted by the appellee was ultra vires and beyond the power of any city agency or instrumentality to make.

3. That the city cannot be charged with any wrongful conduct against Mrs. Linsenmeyer because a wrongful act

was done in the performance of a governmental function.

The most compelling problem herein presented concerns the determination and necessity of pleading affirmative defenses. Rule 8(d), Arizona Rules of Civil Procedure, 16 A.R.S., provides that:

"*In pleading to a preceding pleading, a party shall set forth affirmatively* accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release res judicata, statute of frauds, statute of limitations, waiver, *and any other matter constituting an avoidance or affirmative defense.* * * *" (Emphasis added.)

This is practically the same as Federal Civil Rule 8(c), 28 U.S.C.A. 2 Moore's Federal Practice 1693–1694 states that the affirmative defenses specifically enumerated therein were not intended to be exclusive. That "* * * 'any other matter constituting an avoidance or affirmative defense' must be pleaded affirmatively also. * * *" He continues by saying "* * * Any matter that *does not tend* to controvert the opposing party's prima facie case as determined by applicable substantive law should be pleaded, * * *." (Emphasis added.) Thus, if a defendant cannot logically and directly present a particular issue

by denying some substantial part of the plaintiff's allegations, the matter must be affirmatively pleaded.

■ Affirmative defenses are required to be pleaded *to prevent surprise.* Huszar v. Cincinnati Chemical Works, 6 Cir., 172 F. 2d 6; Lopez v. United States Fidelity & Guaranty Co., D.C., 18 F.R.D. 59. When such defenses are properly pleaded the parties are informed at the outset of particular issues and what evidence will be necessary, and they have an opportunity to prepare for trial on those issues. But "* * * Failure to plead an affirmative defense results in the waiver of that defense and it is excluded as an issue in the case. * * *" Lopez v. United States Fidelity & Guaranty Co., supra [18 F.R.D. 61.]. City of Yuma v. Evans, 85 Ariz. 229, 336 P.2d 135.

Appellant complains that there was no proof of the authority of the city manager as an agent of the city to agree for the *over and above* consideration. It is argued that in order to bind a principal, a person dealing with the principal's agent is bound to ascertain not only the fact of agency, but the nature and extent of the agent's authority, and "in case either is controverted the burden of proof is upon the plaintiff to establish the fact of authority and its extent." Citing Brutinel v. Nygren, 17 Ariz. 491, 154 P. 1042, L.R.A.1918F, 713. In pursuing this course counsel for appellant have confused

an evidence rule with a pleading requirement. If appellant ·had plead that the contract here involved was ultra vires the city, or that the city manager had no authority to execute such contract, then Brutinel v. Nygren, supra, would sustain counsel's position.

An analysis of the appellees' amended complaint makes it clear that the burden of pleading want of authority was upon the appellants as a prelude to the appellees' duty to introduce any evidence upon that issue.

2 Am.Jur. Agency § 438 states that:

"A question which frequently arises concerns the necessity of alleging the fact of agency in declaring upon a contract made by a party through an agent. Generally, it is held, in the absence of express statutory provision, that in actions on contracts, either by or against the principal, there is no necessity of alleging that the contract was executed through an agent; in other words, the contract may be pleaded as if it were the contract of the principal, without mentioning the agency. The theory of this rule of pleading is that the act of the agent is the act of the principal, and hence, may be declared upon as · such. The general rule has also been applied in càses where the principal ·was a corporation; indeed, as corporate · acts are necessarily, in all cases, performed through the officers or agents of the corporation, there would be in such cases a still stronger reason for the application of the general rule than in the case of transactions between private persons." * * *

See, also Southern Surety Co. v. Gilkey-Duff Hardware Co., 166 Okl. 84, 26 P.2d 144, 89 A.L.R. 888, and Annotation 89 A.L.R. 895 et seq.

 In the instant case the appellees pleaded the contract of lease with the city without mentioning any agency in its execution or authority by which they claimed an interest in the property in question. If appellant desired to raise the defense of want of authority of the city manager to enter into such contract, it was its duty to plead it affirmatively. Having failed to do so it cannot complain. Gentry v. Andrews, 79 Ariz. 270, 288 P.2d 487; City of Yuma v. Evans, supra. In any event it is our view that the portion of such lease contract providing that certain portions of the water pipe and sewage should become the property of appellee upon the termination of the lease, was as much a part of the consideration for the lease as the $125 cash per month provided for therein. And if he had authority to lease the property at all his authority extended to provide for payment of an adequate consideration for the lease in the · absence of a showing to the contrary. Counsel for appellant claim

that under the provisions of Chapter IV, Section 41 of the city charter the city manager had no authority to sell the pipe in question except after advertising it for five days and then only at public auction. That provision cannot by the wildest stretch of the imagination have been intended to cover the pipe involved in this case. It provides for sale at public auction personal property unfit or unnecessary for the use of the city. When the contract of lease was entered into the pipe was neither unfit nor unnecessary for use. It provided for its use by the city during the term of the lease.

■ The first reference we find to the defense of want of authority in the record on appeal is after the plaintiffs had rested their case. At that time counsel for the defendant made a motion for a directed verdict on the ground that "no authority has been shown anywhere for the city manager to make a lease to bind the city containing the terms that he states he agreed to with Mrs. Linsenmeyer." As that defense was not in issue under the pleadings, the court quite properly denied appellant's motion.

Not until all the evidence in the case had been presented and *both* sides had rested was want of authority again alluded to. Appellant's attorneys again moved for a directed verdict on that ground, and as nothing had occurred in the interim to put that defense in issue, the court denied appellant's motion and correctly so.

■ The appellant argues in further support of its charge of error by the trial court that its motion for a directed verdict at the close of the case, should have been granted for the additional reason that the contract as interpreted by the appellees was beyond the power of any agency of the City of Phoenix to make and hence was ultra vires. This argument may be disposed of in the same manner as the one concerning want of authority of the city manager to execute the lease in question. It was held in Arizona Life Insurance Co. v. Lindell, 15 Ariz. 471, 140 P. 60, that the defense of ultra vires is an affirmative one, and that where it was not properly pleaded by the defendant, it was not put in issue. See, also City of Yuma v. Evans, supra.

■ In the instant case the defense of ultra vires was not pleaded, and the first reference to it at all occurs in connection with the appellant's second motion for a directed verdict. Again, the court did not err in refusing to direct a verdict for the appellant for the same reasons heretofore discussed in connection with the defense of want of authority of the agent.

■■ Only after the court had denied appellant's motion for a judgment notwith-

standing the verdict and its motion for a new trial and entered judgment in accordance with the verdict of the jury, did appellant attempt to amend its answer to plead these defenses affirmatively. Then, however, appellant under the guise of a petition for leave to amend its answer to conform to the evidence, sought by a verified supplement to plead lack of authority and ultra vires as affirmative defenses. Referring to Rule 15(b) of the Federal Rules of Civil Procedure [which corresponds to Arizona's Rule 15(b)], authorizing amendments of pleadings to conform to the evidence, the court in Kaye v. Smitherman, 10 Cir., 225 F.2d 583, 594, said " * * * That rule is applicable, however, only when an issue has been tried by express or implied consent of the parties. * * *" In the case before us the record does not disclose either an express or an implied consent to present to the court either the question of the lack of authority of the city manager to enter into the contract or that the act of the city was ultra vires. In fact, no evidence bearing upon such matters was received or offered. As there had been no such evidence to which the pleadings should conform, the trial court did not err in denying appellant's petition to amend.

A further defect of appellant's pleadings precluded its defense of lack of authority. Arizona Rules of Civil Procedure, Rule 9(i) provides that:

"Any responsive pleading setting up any of the following matters, unless the truth of the pleading appears of record, shall be verified by affidavit:

\* \* \* \* \* \*

"6. A denial of the execution by the defendant or by his authority of any instrument in writing upon which any pleading is based, in whole or in part, and alleged to have been executed by him or by his authority, and not alleged to be lost or destroyed. * *"

By their amended complaint appellees alleged the contract of lease between Mrs. Ottilia Linsenmeyer and the City of Phoenix. It was, therefore, incumbent upon the appellant not only to plead lack of authority affirmatively, if it would avail itself of this defense, but also to verify its responsive pleading by affidavit. Gentry v. Andrews, supra.

In connection with appellant's third contention counsel uses the term "wrongful act" as a vehicle for applying tort law in a situation calling for the application of the law of contracts. Appellant states the following proposition of law: "A cardinal rule of law is that a municipal corporation is not liable for negligence of its officers or employees when exercising governmental functions." Citing City of Phoenix v. Greer, 43 Ariz. 214, 29 P.2d 1062. Analysis of appellant's subsequent reasoning shows the course followed:

(1) Municipal corporations are not liable for the "wrongful acts" of their employees in the performance of governmental functions;

(2) The operation of the housing project was a governmental function, and the agreement as made by the city manager was a "wrongful act" against Mrs. Linsenmeyer; and

(3) Therefore the city is not liable on the contract.

We believe it clearly appears from what we have said above that the city manager was duly authorized by the city council with full knowledge of all of the facts, to enter into the contract of lease involved in this litigation. This being true counsel in this last-ditch defense seeks to build it upon the sand. It has no foundation in logic. Because if the council authorized the city manager to execute said lease, the city manager in executing it committed no wrong, nor was he negligent in any sense of the word.

For the foregoing reasons the trial court did not err in failing to grant appellant's motions for a directed verdict, and in refusing certain jury instructions offered by appellant. Judgment, therefore, is hereby affirmed.

STRUCKMEYER, UDALL, JOHNSON and BERNSTEIN, JJ., concur.