517 P.2d 1278

Louise P. NESS, Individually, Ness Invest-
ment Company, a corporation; Ness Fi-
nance Company, a corporation; Wild Rice
Motor Company, a corporation; and Graf-
ton Implement Company, a corporation,
Appellants,

v.

GREATER ARIZONA REALTY, INC., an
Arizona corporation, Appellee.

No. 2 CA-CIV 1497.

Court of Appeals of Arizona,
Division 2.

Jan. 22, 1974.

Johansson & Sanders, Ltd., by Filipe K.
Johansson, Phoenix, and Browning, Druke
& Hawkins by Carol Wilson Druke, Tuc-
son, for appellants.

William C. Scott, Tucson, for appellee.

OPINION

HOWARD, Judge.

The facts which gave rise to this appeal
are as follows. On January 2, 1973, appel-
lee Greater Arizona Realty filed a com-
plaint against Berth Ness and appellants
Louise Ness, Ness Investment Company,
Ness Finance Company, Wild Rice Motor
Company, Grafton Implement Company,
and XYZ Corporation. All defendants
were served on February 1, 1973. On Feb-
ruary 8th Berth Ness moved for a change
of venue which was controverted by the
appellee and the matter was set for hear-
ing on March 26th.

Appellee's attorney filed affidavits of
default as to all of the defendants includ-
ing Berth Ness, and the clerk entered de-
fault on February 22, 1973. The following
day a default hearing was held after which
a default judgment was rendered against
the appellants in an amount of $29,194.24.
Defendant Berth Ness was excluded from
the judgment. On March 14, 1973, the ap-
pellants filed motions to set aside entry of
default and vacate the default judgments
and a motion to quash the writs of gar-
nishment issued after the default was tak-
en. These motions were denied on May
18, 1973. From the denial of these mo-
tions appellants appealed.

Appellants contend that the trial court
erred in both granting the default judg-

ment and failing to grant the motion to set it aside because the complaint failed to state a cause of action against them. With this contention we must agree.

The basis for appellee's complaint was a promissory note. The pertinent allegations of the complaint are:

"II

That at all times complained of herein, Berth C. Ness was acting as the agent of and with full authority to bind the defendants and each of them in connection with all matters complained of herein and that all matters complained of herein occurred in or were to be performed in Pima County, Arizona.

III

That prior to the commencement of this action, Berth C. Ness, acting for and on behalf of the defendants and each of them, made and delivered a promissory note dated the 15th day of May, 1969, in the sum of $25,000.00 to the order of plaintiff."

A.R.S. § 44-2538 provides:

"A. No person is liable on an instrument unless his signature appears thereon.

B. A signature is made by use of any name, including any trade or assumed name, upon an instrument, or by any word or marker used in lieu of a written signature."

The official comment on the above mentioned statute found in Uniform Laws Annotated—Uniform Commercial Code § 3-401 provides:

"1. No one is liable on an instrument unless and until he has signed it. The chief application of the rule has been in cases holding that a principal whose name does not appear on an instrument signed by his agent is not liable on the instrument even though the payee knew when it was issued that it was intended to be the obligation of one who did not sign. . . ."

Nowhere in appellee's complaint does it appear that the names of appellants appeared on the note. Nor is it alleged that the note in any way discloses that Berth Ness signed in any capacity other than for himself individually. A suit may not be maintained or judgment obtained on a promissory note against an undisclosed principal whose signature does not appear thereon. Richards v. Warnekros, 14 Ariz. 488, 131 P. 154 (1913); Plains State Bank v. Ellis, 174 Kan. 653, 258 P.2d 313 (1953). See also, 11 Am.Jur.2d, Bills and Notes § 560.

The appellee could have sued appellants on the underlying obligation for which the note was given but this was not done.

Well pleaded *facts* are admitted by the default of a party. Postal Ben. Ins. Co. v. Johnson, 64 Ariz. 25, 165 P.2d 173 (1946). However, a judgment by default cannot be based upon a complaint which does not state a cause of action. Adamsen Construction Company v. Altendorf, 152 N.W.2d 576 (N.D.1967). See also, Parrino v. Landon, 8 Ill.2d 468, 134 N.E.2d 311 (1956). Since appellee's complaint did not state a cause of action against appellants, the trial court erred in refusing to set aside the default judgment.

The order denying appellants' motions is reversed and the cause remanded for further proceedings consistent herewith.

HATHAWAY, C. J., and KRUCKER, J., concur.