GEORGE THRALL *vs.* JOSEPH S. HILL.

A lessee put furniture and fixtures into the demised premises, under an agreement with the lessor that they should become the property of the latter at the expiration of the lease. During the term, the lessor gave a bill of sale of his interest in them to a third person. *Held,* that the lessor's right in them passed to such person by the bill of sale, and that he could maintain an action for their conversion after the expiration of the lease.

TORT for the conversion of four billiard tables, and of other billiard room and bar-room furniture and fixtures. Writ dated October 27, 1870. At the trial in the Superior Court, before *Putnam*, J., it was agreed that there had been a conversion of the property, if the title was in the plaintiff.

It appeared that Hatch & Wilcox, then lessees of the Bay State House, a hotel in Worcester, including a billiard room and bar-room, on June 1, 1868, let to the defendant, by an oral agree‑ ment, the billiard room and bar-room, with the billiard tables and other furniture and fixtures therein ; that in July the defendant refitted and refurnished the rooms, disposing of the billiard tables and some of the other furniture and fixtures, and putting in the property in suit.

The terms of the agreement between Hatch & Wilcox and the defendant were in dispute. The plaintiff offered evidence tending to show that all the property put into the rooms by the defendant was to be the property of Hatch & Wilcox, but the defendant contended that upon a fair construction of the plaintiff's evidence such property was not to become the property of Hatch & Wil‑ cox until the expiration of their lease, on October 1, 1870, while the plaintiff contended that the property was to become theirs as soon as it was put in. The defendant offered evidence tending to show that the property put in was to remain the defendant's, and was not at any time to become the property of Hatch & Wilcox.

It further appeared that on December 1, 1868, Hatch & Wilcox sold out their lease of the hotel to the plaintiff, and made a bill of sale to him, by which they conveyed to him "all that certain personal property to us belonging in and about the Bay State House and hotel establishment, in Worcester, late occupied by us, including herein all that furniture and other personal property of every name, nature and description, bought by us of the former lessees of the house, also all that furniture and other personal property, which we have since purchased and added from time to time to the furniture and equipment of said house, including four billiard tables, with the furniture appertaining to the same, also all the bar furniture, also all the coal and other supplies, now on hand in said house;" and that at the time of the delivery of this bill of sale there were no other billiard tables, or other billiard room furniture or bar-room furniture, except the property in suit, on the premises.

It also appeared that the plaintiff went into possession of the Bay State House at the date of the bill of sale, and continued therein until the expiration of the lease of Hatch & Wilcox, October 1, 1870; and the defendant continued in the possession of the billiard room and bar-room, with the property therein, till the same time; and that at said time the plaintiff claimed the property in suit as having passed to him by the bill of sale, but the defendant refused to deliver it, and afterwards converted it to his own use.

The plaintiff requested the judge to instruct the jury "that if the contract between Hatch & Wilcox and the defendant was that the property should become theirs when their lease expired, still it passed by the bill of sale to the plaintiff, and he was entitled to recover."

The judge declined so to instruct the jury, and instructed them that if the property was not to become the property of Hatch & Wilcox until the expiration of their lease, it would not pass by the bill of sale, and the plaintiff could not recover.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*P. E. Aldrich & F. P. Goulding,* for the plaintiff.

*G. F. Verry & F. A. Gaskill,* for the defendant.

MORTON, J. It is clear that the bill of sale from Hatch & Wilcox to the plaintiff was intended to convey to the plaintiff the property converted by the defendant. Such property is included in the general description, and the most valuable articles, the four billiard tables, are specifically mentioned. Whatever title to or interest in the property Hatch & Wilcox had on December 1, 1868, the date of the bill of sale, passed by it to the plaintiff.

It appeared at the trial, that on June 1, 1868, Hatch & Wilcox leased the billiard and bar-rooms, with the billiard tables and other furniture and fixtures therein, to the defendant, by a parol agreement; and that after the lease the defendant refitted and refurnished the rooms, disposing of the billiard tables and some of the furniture and fixtures, and substituting the property in suit. There was conflicting evidence as to the terms of this agreement, and the presiding judge ruled that if by said agreement the property was not to become the property of Hatch & Wilcox until the expiration of their lease, it would not pass by the bill of sale, and the plaintiff could not recover. We are of opinion that this ruling was erroneous.

The agreement between Hatch & Wilcox and the defendant is not fully stated in the bill of exceptions. But it seems that the evidence tended to show that, in consideration of enjoying the leased premises, the billiard tables and other property put into the rooms by the defendant were to become the property of Hatch & Wilcox at the end of the term. Under such agreement, the defendant could not rightfully remove or dispose of the property, but Hatch & Wilcox had a vested interest in it which would ripen into a perfect title by the lapse of time. It is true that a man cannot sell personal property in which he has no interest. A mere possibility, coupled with no interest, is not the subject of sale, and would not pass by a bill of sale. But if he has a present interest in the property sold, a sale of it is valid. *Low* v. *Pew*, 108 Mass. 347, and cases there cited.

The interest of Hatch & Wilcox in the property in suit, therefore, passed to the plaintiff by the bill of sale, and on October 1, 1870, the title became perfect in him, and he could maintain this suit for a subsequent conversion. *Day* v. *Bassett*, 102 Mass. 445

It does not appear that any other question was raised at the trial, and it is not necessary to consider whether the statute of frauds has any application to the case.  *Exceptions sustained.*