## No. 14,611.

FIRST NATIONAL BANK OF LIMON *v.* MATTESON ET AL.

(103 P. [2d] 487)

Decided May 27, 1940.   Rehearing denied June 17, 1940.

Mr. ROBERT H. SCHAPER, Mr. JEAN S. BREITENSTEIN and Mr. JOHN G. REID on petition for rehearing, for plaintiff in error.

Messrs. FOARD BROTHERS, Mr. C. B. HORN, for defendants in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appear here in the same order as in the trial court and for convenience are hereinafter referred to as the bank and Matteson, respectively.

One A. O. Matteson, brother of defendant Matteson, had possession of certain personal property, belonging to Matteson, under an unrecorded document referred to as a lease. Some of this property consisted of horses and cattle which A. O. Matteson mortgaged to the bank. The bank brought this action to foreclose that mortgage and to review a judgment entered against it prosecutes this writ asking that it be made a supersedeas and that final judgment be pronounced here on that application.

In the court below the parties entered into a stipulation which limited the dispute to two questions: 1. Is the lease covered by section 205, chapter 160, '35 C.S.A.? 2. Does that section change the law as it theretofore existed concerning the rights of a bona fide encumbrancer, without notice, in a case such as that before us? It was agreed that if either of these propositions was answered in the negative judgment should be for Matteson. With other portions of the stipulation we are not concerned. The only provision of the "lease" under which A. O. Matteson could possibly obtain any rights in the livestock covered thereby reads: "If during the term of the above lease lessor shall sell any of the stock delivered by lessor to lessee including the increase thereof lessee shall be entitled to one-third of the net profits over and above the cost price to lessor."

Said Section 205, supra, reads: "No partido or share contract whereby livestock is delivered to be kept on shares for a period of time at the end of which they, or an equal or similar number, or any number thereof are to be returned, whatever the specific terms of said contract may be, shall be valid, except as between the parties to said contract, unless such contract be filed or recorded in the office of the county clerk and recorder of deeds of the county or counties wherein such livestock is to be kept." Prior to the passage of that act the law in this jurisdiction, it is contended, was otherwise. *Clay, Robinson & Co. v. Antencio,* 74 Colo. 17, 218

Pac. 906. In that case a "partido" contract is defined substantially as in the statute.

██ We concern ourselves only with the first question and answer it in the negative. Clearly this is no partido contract. True such a contract need be in no set form. 3 C.J.S., p. 1096, § 12(a). Nor is its character varied by the fact that the interest of lessee is measured in cash. *Martinez v. Garcia*, 43 Ariz. 243; 30 P. (2d) 501. However, considering the intrinsic nature of the transaction covered by the statute, its history, and the title which has been applied to it, some interest in the property itself is always understood. That element is totally lacking in the contract before us. A. O. Matteson obtained thereby no vestige of interest in this livestock. Only if his lessor saw fit to sell some of it "during the term" (and that he was under no obligation to do), could he have a possible claim for anything and then only a claim to a share of "net proceeds." Were this conclusion otherwise in doubt it is irrefutably supported by many other provisions of the lease. We find no occasion to lengthen this opinion by the quotation thereof. This is a simple case of one man mortgaging another's property, and since the bank was not protected by any statute it took nothing, as against Matteson, by its mortgage. Having thus concluded we find no occasion to answer the second question propounded by the stipulation, or pass upon the validity of said section 205 as a recording statute, or to determine what change it wrought, if any, in the law as it theretofore existed.

The judgment is accordingly affirmed.

Mr. Chief Justice Hilliard not participating.

Mr. Justice Bakke dissents.