## No. 18,596.

PAUL ROTHMAN *v.* F. B. BUTIN, ET AL.

(351 P. [2d] 893)

Decided May 2, 1960.   Rehearing denied May 23, 1960.

Mr. JOHN T. DUGAN, for plaintiff in error.

Mr. EMORY L. O'CONNELL, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE DOYLE.

THIS is a replevin action brought by Paul Rothman, as mortgagee of certain furnishings of the L & H Coffee Shop and Tavern, Inc., to establish his right to possession of the furnishings as against the L & H Coffee Shop and Tavern, Inc., and F. B. and Amy Butin, the lessors of the premises in which the tavern is located. The matter was previously before this court in *Butin v. Rothman,* 135 Colo. 477, 312 P. (2d) 783. It was there held that the trial court having made rulings which might have misled the plaintiff into believing he had provided a prima facie case showing his right to possession, when in fact he had not, a new trial was in order. The parties thereafter proceeded with a new trial. The L & H Coffee Shop and Tavern, Inc., did not appear in this second trial. Plaintiff based his claim on a note and chattel mortgage executed by the L & H Coffee Shop and Tavern, Inc., in his favor on June 2, 1955, and recorded in Jefferson County, Colorado, on July 13, 1955. The items covered by the chattel mortgage and in issue in this proceeding are: a 9½ cubic foot refrigerator, wall booths, tables with matching chairs, an ice machine, a 24 foot bar, bar stools, a bar sink, a large stove, metal shelves, draperies, a cash register, a coat rack, central light fixtures, dishes, glassware, silverware, kitchen utensils, and a cooler for bottled drinks.

The defendants by answer denied the right of plaintiff to possession of the furnishings, and alleged that the note was not given for consideration, that the mortgage was given as part of a conspiracy to defraud defendants; that the L & H Coffee Shop and Tavern, Inc., did not

own the property at the time the mortgage was given, and that the improper form of the chattel mortgage makes it invalid. By way of counterclaim they demanded return of the property taken by the sheriff of Jefferson County acting under the writ of replevin and damages resulting from the detention of the property. Trial was had to a jury, but at the close of all the evidence the court granted defendant's motion for a directed verdict and entered judgment for possession of the property or its value of $2,000 and damages for its detention in the amount of $800. Plaintiff is here seeking review by writ of error. The parties will be referred to either as they appeared in the trial court or by name.

On November 7, 1953, the Butins, owners of property known as the Lookout Mountain Trading Post, executed an agreement with one Hammer which provided that "in consideration of the payment of the rent and the keeping and performance of the covenants and agreements by the said lessee" the lessor would construct an addition to its store to be approximately 24 by 50 feet and lease the premises to Hammer for a period of three years, until November 7, 1956. It provided for rental of $200 per month plus a certain percentage of annual gross income over $24,000. Immediately after the paragraph specifying the terms of rent there appears the provision set out below relating to fixtures. A month later, December 7, 1953, the Butins consented to the assignment of the lease to the L & H Coffee Shop and Tavern, Inc., a corporation apparently formed to secure financial backing for the venture from a Mr. Lem K. Lee. Rothman claims under a note and chattel mortgage from the lessee dated June 2, 1955, and recorded on July 13, 1955. The note and mortgage were given to secure a loan of $2500 made on June 3, 1954, and evidenced by a check of that date and other smaller cash loans made subsequently. On July 11, 1955, the lessee was served with a three-day notice of default in rent. There is a conflict in the evidence as to when tender of

the rent was made, plaintiff asserting that it was made on July 11 and defendants asserting it was not made until July 18. In any event, the tender was rejected by the Butins, and they took possession of the premises on July 19, 1955. On August 3, 1955, Rothman served notice on the Butins of his claim and on August 16, 1955, brought this action in replevin. The sheriff of Jefferson County took possession of the property on August 18, 1955.

The trial court based its conclusion on a provision of the lease between the Butins and Hammer, later assigned to the L & H Coffee Shop and Tavern, Inc., which states:

"It is understood and agreed that the lessee will install all such fixtures as may be necessary and proper for the operation of the business in the building herein referred to, at his expense; provided, however, that tenant may use any fixtures from the restaurant building now on said premises that are suitable for such purpose. It is further understood and agreed that at the termination of this lease all fixtures shall remain in the building and be the property of the lessors."

The court reasoned that Rothman as mortgagee could get no better title than that of his mortgagor, the lessee of the Butins, and that under the terms of the lease the Butins had a superior title to the items in question. The court also concluded that all the articles covered by the chattel mortgage were "fixtures."

The position of the plaintiff in error appears to be that the furnishings in question here are personal property and capable of being subjected to a chattel mortgage; that the lessees had the right to remove them and that this right passed to him under the mortgage (regardless of the circumstance of the subsequent repossession by the Butins after the default on the rent); that the lease was not "terminated" as that term is used therein, and that Rothman was an innocent purchaser for value as to the Butins. Further, he argues that the court below erred in assessing damages on the ground that there was

no evidence to establish either the value of the articles or damage flowing from their detention.

The defendants contend that under the lease the lessees had no right to mortgage the property in question and that the property is conclusively established to be fixtures rather than chattels. Secondly, they argue that the chattel mortgage is invalid as a matter of law because of material defects in its execution, and because there was in fact no real debt incurred by Rothman.

1. *What are the rights of the plaintiff in the property described as "fixtures" in the lease?*

We believe the trial court construed the lease agreement properly and applied the correct rules of law thereto.

██ It is fundamental that in the absence of special circumstances a mortgagor of personal property can convey no better title to his mortgagee than he has himself. *First National Bank of Limon v. Matteson,* 106 Colo. 233, 103 P. (2d) 487; *Standard Motor Co. v. American Loan System,* 120 Colo. 311, 209 P. (2d) 264. The rights of the plaintiff here therefore are derivative, depending on those of the L & H Coffee Shop and Tavern, Inc. *Rinaldi v. Goller,* 48 Cal. (2d) 276, 309 P. (2d) 451; *Jones, Landlord and Tenant* 844-45 (1906). Thus to determine the rights of plaintiff, we must determine the rights of plaintiff's mortgagor under the terms of the lease agreement. It appears from this agreement, when viewed as a whole, that the installation of the fixtures by the lessee constitutes a part of the consideration for the lease. The whole purport of the agreement is to create a relationship in the converse of that found in *Andrews v. Williams,* 115 Colo. 478, 173 P. (2d) 882, where the court commented:

"* * * The purpose of their erection was not to repair or improve the landlord's property, but rather to provide the equipment necessary to make the premises suitable for the tenant's special business to be conducted therein. These rooms were particularly adapted to the

tenant's use rather than to the type of building in which they were installed. The building was a bare warehouse equally well adapted to many uses. These rooms would be a detriment to the use of the building for many purposes for which it might likely be employed and of benefit only in the case of such business as that in which plaintiff was engaged; but they were necessary in the conduct of plaintiff's business and, as the trial court found, were built for that purpose. * * *"

Several factors are significant in determining that the lessee was required to install the fixtures and that they were not to be removed by the lessee but were on the contrary to belong to the lessor, subject to the lessee's right to possesion for the duration of the lease. It is relevant that the lease provides that the lessors shall build an addition to their existing buildings; it is also relevant that the term of the lease was limited to three years. The amount of rental owing the lessor was based in part on a percentage of gross income and therefore depended upon the energy with which the business was conducted, and in order that the business would be carried on as the parties contemplated, the lessee was bound to equip the building with the "necessary and proper" fixtures. Viewed in context, then, the language of the paragraph relating to fixtures appears, reasonably construed, to require the installation of adequate fixtures and to preclude a right of removal on the part of the lessee. So construed, the defendants have the sole right to the items determined to be fixtures. For other cases where the courts have concluded that contract terms providing that fixtures shall be the property of the lessor at the termination of the lease precluded the lessee's right of removal, see, e.g., *Roanoke Marble & Granite Co. v. Standard Gas & Oil Supply Co.,* 155 Va. 249, 154 S.E. 518; *City of Greenville v. Washington American League Baseball Club,* 205 S.C. 495, 32 S.E. (2d) 777; *County of Prince William v. Thomason Park,* 197 Va. 861, 91 S.E. (2d) 441. See also 1 *McAdam, Land-*

*lord and Tenant,* Sec. 210 (5th Ed. 1934) and the cases there cited.

A case involving similar questions of ownership of fixtures as determined between parties to a lease agreement is *Thrall v. Hill,* 110 Mass. 328. In that case the lessee of a hotel sublet a portion of the premises to the defendant, and there was evidence tending to show that it was agreed between these parties that certain billiard tables and barroom furniture and fixtures were to become the property of the lessee at the end of the term. The lease was assigned to the plaintiff, and the defendant subsequently disposed of the items mentioned. In an action in conversion brought against the sublessee the court held:

"* * * Under such an agreement, the defendant could not rightfully remove or dispose of the property, but Hatch & Wilcox [the lessee] had a vested interest in it which would ripen into a perfect title by the lapse of time."

■ We conclude, then, that since the lessee had no right to remove the property in question during the term of the lease, the plaintiff as mortgagee of the property has no greater rights.

*2. Was the trial court correct in directing a verdict in favor of the defendant as to all the property claimed by plaintiff under the chattel mortgage?*

The trial court directed a verdict in favor of the defendants and by so doing held that all the articles in question were indisputably "fixtures" under the lease agreement. Upon analysis, we are persuaded that determination of this question was properly one for the jury, and the trial court erred in determining it as a matter of law.

■ The rights of the parties to the numerous articles in question depend on the meaning of the term "fixtures" in the lease agreement between the defendants and their lessee. Although the law of fixtures has been urged in both briefs, plaintiff points out that to the extent to which the parties have expressly provided for the dis-

position of the property the rules of law relating to fixtures have no operation. See *Isman v. Hanscom,* 217 Pa. 133, 66 Atl. 329; *Realty Dock and Improvement Corporation v. Anderson,* 174 Cal. 672, 164 Pac. 4. The question then is which of the items specified in the chattel mortgage did the parties to the lease intend to be covered by the term "fixtures." The chattel mortgage, as noted above, covers a large number of items ranging from a 24 foot bar to draperies, dishes and glassware. Although some of these items may be determined to be fixtures within the meaning of the contract as a matter of law, doubt exists as to others sufficient to require the submission of the question to the jury as to these doubtful items. Cf. *Arnold v. Lawrence,* 72 Colo. 528, 213 Pac. 129.

The judgment is reversed and the cause remanded to the trial court for further proceedings consistent with the views herein expressed.

MR. JUSTICE MOORE and MR. JUSTICE KNAUSS concur.