No. 19,159.

BENNIE SAMETT, ET AL. *v*. FRANK C. WHELAN, ETC.

(362 P. [2d] 559)

Decided June 5, 1961.

Mr. IRVING I. OXMAN, Mr. GEORGE K. THOMAS, for plaintiffs in error.

Messrs. GAUNT, BYRNE and DIRRIM, for defendant in error.

*En Banc.*

MR. JUSTICE FRANTZ delivered the opinion of the Court.

Samett was the owner of the property upon which Whelan was successful in establishing and having ordered foreclosed a mechanic's lien. Zenith Packing Company, a corporation, leased the premises from Samett and operated therein a meat packing plant. At the times here in question, Samett was the president and manager of Zenith.

One Lieberman, under an arrangement with Samett and Zenith, installed a rendering plant in a structural addition to the packing plant. To accomplish the installation, Frank C. Whelan, doing business as Whelan Heating and Engineering Co., was engaged to perform services and supply materials in connection with the project. The work performed and materials supplied by Whelan pursuant to his engagement formed the basis of his claim for judgment in the sum of $5,046.19 against Samett, Zenith, and Lieberman individually, and for a decree adjudging him to have a mechanic's lien on the Samett real property.

Upon consideration of the disputed evidence and permissible inferences, the trial court made findings of fact and conclusions of law and entered its decree favorable to Whelan. Personal liability was adjudged against Zenith and Lieberman in the sum of $5,046.19, together with interest and certain costs, making a total of $5,375.21. A lien in said sum was adjudged against the Samett property. Samett and Zenith seek reversal of the judgment.

1. Without setting forth the evidence in respect to the basis of Samett's liability, we hold that it was sufficient to sustain the determination of the trial court that the property was impressed with a lien under the terms of C.R.S. '53, 86-3-5, which provides that when certain work is done on premises "with the knowledge of the owner * * * of such land * * * ," such work should be held to have been done at his "instance and request,"

thereby subjecting his interest to a lien. Samett made no showing that he had utilized the means provided by the statute to keep his property from becoming amenable to the lien.

2. Unless Whelan had knowledge or notice of the arrangement between Samett and Zenith on one hand, with Lieberman on the other, he cannot be bound thereby. His reliance upon C.R.S. '53, 86-3-5, in such circumstances was apt and proper. The relationship between Samett, individually or on behalf of Zenith, and Lieberman is one thing; the relationship of Whelan to them is that of a third party. Since the evidence is discordant with respect to the several relationships involved, the determination of their character and their effect on the subject property was a fact-finding function.

Except where the facts are undisputed or susceptible of one inference only, the question of whether an article attached to realty is fixture or chattel is a question of fact. See *Rothman v. Butin,* 142 Colo. 505, 351 P. (2d) 893.

Whether Lieberman was tenant or partner to, or had become a contracting party in some other way with, either Samett or Zenith or both, was, in the state of the record, a question of fact. Whether the articles attached to the realty became fixtures or retained their character as chattels as between these parties depended upon the establishment of one or the other of these relationships. Whelan's relationship to these parties and to the property, hinging upon disputed evidence, was also a question of fact. *Stapp v. Carb-Ice Corp.,* 122 Colo. 526, 224 P. (2d) 935.

The trial court duly exercised its obligation to resolve these issues of fact from the evidence before it, resulting in a judgment favorable to Whelan. Since there was evidence to sustain its determination, the decision must stand, it not being our function to disturb judgments of trial courts founded on facts properly deducible from evidence produced in the trial of a cause.

3. Other errors have been asserted by Samett and Zenith. We have read the record and have considered the argument in support of such asserted errors, and conclude that they are without merit.

Finding no error, we affirm the judgment.