473 P.2d 990 (1970)
Tony FERGANCHICK, Plaintiff in Error,
v.
Curtis C. JOHNSON, Defendant in Error.
No. 70-212, (Supreme Court No. 23310.)
Colorado Court of Appeals, Div. I.
August 18, 1970.
*991 Parga & Dyer, Robert E. Parga, Cortez, Fairlamb & Fairlamb, Delta, for plaintiff in error.
Hamilton & Hamilton, E. B. Hamilton, Durango, for defendant in error.
Selected for Official Publication.
DWYER, Judge.
This case was originally filed in the Supreme Court of the State of Colorado, and was subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
Johnson, as plaintiff in the trial court, recovered a judgment against Ferganchick, the defendant, in the amount of $5,741. The action was for trespass, and plaintiff alleged that defendant had damaged his building and carried away certain of the "fixtures" located in the building.
Plaintiff's grantor, Becker, had constructed the building in 1958. A corporation owned by Becker had installed machinery and equipment in the building for an ore milling and smelting operation. Part of the machinery, equipment, and other items had been assessed by the La Plata County assessor as personal property. Thereafter, a tax sale was held and these items were sold to the county. Plaintiff purchased the land and building from Becker in November of 1965, and, shortly thereafter, defendant obtained from the county a conveyance of the machinery, equipment, and miscellaneous items.
Defendant then went to plaintiff's premises, entered his building, and removed those pieces of property listed on the certificate of purchase. Defendant also removed certain items not listed on the certificate of purchase and he concedes that judgment in the amount of $965 for such unlisted items is proper.
The issue in this case concerns certain items listed on the certificate of purchase, consisting principally of switches, wiring, pipes, and other equipment, which plaintiff claims were fixtures. He alleges such items were annexed to the realty; were a part thereof; and that he owned them as the owner of the land and the building. Defendant contends that the items were not fixtures; that they were not annexed to the realty so as to be a part thereof; and *992 that they remained personal property. He claims ownership of these items under his certificate of purchase.
The trial court found that the disputed items were fixtures and entered judgment in favor of plaintiff for the value of the items removed. On this writ of error, defendant contends that the court's finding that the items were fixtures was in error and that the damages were excessive.
As stated in 35 Am.Jur.2d Fixtures § 4:
"The general tests for determining whether a particular object has become a fixture are usually said to comprise annexation to the realty, adaptation to the use to which the realty is devoted, and intention that the object become a permanent accession to the freehold."
Whether a given object is a fixture can be determined only from a consideration of the individual facts of the particular case. Our Supreme Court recognized this rule in Samett v. Whelan, 147 Colo. 41, 43, 362 P.2d 559, where it stated that, except where the facts are undisputed or susceptible of one inference only, the question of whether an article attached to realty is a fixture or a chattel is a question of fact.
The evidence in this case showed that the items had been installed as part of the mill. The removal of the items caused extensive damage to the building. The switches had little value when removed because used switches cannot be legally installed in a building. The trial court, on the basis of the evidence, properly concluded that the items in dispute were permanently installed with the intention that the items would permanently become a part of the building and that, as between these parties, the plaintiff had the superior title.
Defendant relies on the fact that the assessor had assessed these items as personal property and argues that such classification by the assessor should be conclusive. This argument is contrary to the holding in Mollie Gibson Consolidated Mining & Milling Co. v. McNichols, 51 Colo. 54, 116 P. 1041. The court there, in ruling that as a matter of law certain pieces of milling machinery were fixtures and thus part of the real estate, held that the fact that the assessor had classified the items as personal property was not controlling.
Finally, defendant contends that the damages are excessive. In assessing damages for the wrongful taking or destruction of fixtures, the courts have applied different measures of damages. These rules are stated in 22 Am.Jur.2d Damages § 142, as follows:
"Three rules of damages have been formulated for injury to or removal of fixtures, each of which rules aims at compensation for the injury inflicted. One group of cases measures damages by the value of the fixture in its condition at the time of removal or destruction. These cases value the fixture as a part of the real estate not at its secondhand value. A second group of cases holds that the measure of damages for the wrongful injury to or removal of fixtures is the cost of repairs or the cost of restoring the property to its condition immediately prior to the wrongful act. Still other cases hold that the proper measure of damages is the diminution in value of the real estate immediately before and after the injury to or removal of the fixture. Generally, and because of the variety of injuries and the circumstances under which they may arise, the court selects from these three rules the measure best suited to compensate plaintiff for the loss in the case before the court."
In the instant case, the court, on the basis of the evidence before it, determined the value of the fixtures in their condition at the time of removal and awarded this amount as damages. The measure of damages selected and applied by the court was correct.
The judgment is affirmed.
SILVERSTEIN, C. J., and DUFFORD, J., concur.