R.D. EMRICH and J.L. Bray, Individual-
ly and d/b/a The Plaza 25 Company,
Plaintiffs–Appellees,

v.

JOYCE'S SUBMARINE SANDWICHES,
INC., Defendant–Appellant.

No. 86CA0635.

Colorado Court of Appeals,
Div. III.

Oct. 15, 1987.

Rehearing Denied Nov. 19, 1987.

Certiorari Denied March 28, 1988.

William M. Kane, Grand Junction, for
plaintiffs-appellees.

Stuart G. Barr, P.C., Stuart G. Barr,
Denver, for defendant-appellant.

CRISWELL, Judge.

Defendant, Joyce's Submarine Sand-
wiches, Inc. (tenant), appeals from the dis-
trict court's judgment awarding plaintiffs,
R.D. Emrich and J.L. Bray (landlords),
damages and attorney fees under a lease
provision authorizing landlords, in the
event of a default in the payment of rent
by tenant, to terminate the lease and to
collect damages resulting from the default.
We affirm.

I.

We reject the tenant's assertion that the
lease contains a provision for the collection
by landlords of an improper penalty. The
lease provides that, in the event of a non-

cured default by the tenant, the landlords may terminate the lease and:

> "On termination [landlords] may recover from [tenant] all damages proximately resulting from the breach, including the cost of recovering the premises and *the worth of the balance of this lease over the reasonable rental value of the premises for the remainder of the lease term,* which sum shall be immediately due [landlords] from [tenant]." (emphasis supplied)

■ Whether a provision for liquidated damages is enforceable depends upon whether the parties intended to liquidate actual damages; whether the amount of liquidated damages constitutes a reasonable estimate of presumed actual damages; and whether it was difficult to determine the amount of actual damages that would result from a future breach. *O'Hara Group Denver, Ltd. v. Marcor Housing Systems, Inc.,* 197 Colo. 530, 595 P.2d 679 (1979); *H.M.O. Systems, Inc. v. Choicecare Health Services, Inc.,* 665 P.2d 635 (Colo. App.1983).

■ It is not improper for a written lease to authorize a landlord, in the event of a default by a tenant, to terminate the lease and to recover from the tenant the amount of rent and charges reserved in the lease for the remainder of the term. *First National Bank v. Dykstra,* 684 P.2d 957 (Colo.App.1984).

■ The lease provision here is designed to allow the landlords to recover for a tenant's breach without the need to await the due date of each rental payment. Thus, it authorizes the recovery of all future payments (reduced to their present worth), but requires that there be deducted from that figure the present worth of the reasonable rental value of the premises for the remainder of the lease. Expert testimony presented to the trial court supported the court's findings upon the present worth values adopted by it.

As would be the case in circumstances not governed by such a provision, during a time of increasing rental values, a termination of the lease might result in little, if any, damages to the landlords; if those values decrease after the lease is executed, a later termination of the lease might result in substantial damages to them. In either event, however, this lease provision results in a reasonable estimate of the present worth of the landlords' future actual damages. It does not, therefore, provide for the collection of an improper penalty.

## II.

■ Likewise, our review of the record convinces us that the trial court committed no error in refusing to allow an amendment to tenant's answer that would have raised the question whether landlords had properly terminated the lease in accordance with its provisions. In various pretrial pleadings, tenant admitted that landlords had properly terminated the lease. Under such circumstances, tenant should be bound by those admissions; it cannot be claimed that landlords *consented* to the trial of this issue. *See* C.R.C.P. 15(b); *American National Bank v. Etter,* 28 Colo.App. 511, 476 P.2d 287 (1970).

## III.

We have considered tenant's other contentions and conclude that they are meritless.

## IV.

■ The lease authorizes the collection of attorney fees for services rendered by landlords' attorney in collecting any damages resulting from tenant's default. Therefore, upon remand, the district court should determine and assess a reasonable attorney fee for the defense of this appeal.

The judgment is affirmed and the cause is remanded for further proceedings consistent with the direction contained herein.

TURSI and BABCOCK, JJ., concur.