ROBERT A. McNEIL CORPORATION, d/b/a Arapahoe Plaza East, and Arapahoe Plaza Associates, Ltd., Plaintiffs–Appellants,

v.

Robert J. PAUL and Dale C. Dooley, Defendants–Appellees.

No. 85CA1697.

Colorado Court of Appeals, Div. IV.

May 5, 1988.

Brown & Lewis, Huntington C. Brown, Mark R. Lewis, Denver, for plaintiffs-appellants.

Maley and Schiff, P.C., John T. Maley, Denver, for defendants-appellees.

TURSI, Judge.

Robert A. McNeil Corporation and Arapahoe Plaza Associates, Ltd. (landlords) appeal the summary judgment entered in favor of Robert J. Paul and Dale C. Dooley (guarantors) on their claim for future rent. They assert the guarantors were liable for charges pursuant to the lease after the eviction of the tenant because the lease so provided. We agree and therefore reverse.

LTTL Development Company leased property to Prime 21 Corporation (tenant) and later assigned the lease to landlords. Tenant defaulted in payment of its rent and landlords filed an F.E.D. action against tenant pursuant to § 13–40–101, et seq., C.R.S. (1987 Rep.Vol. 6A). Judgment was entered on that action in favor of landlords for possession and damages; however, the trial court stayed execution of the judgment pursuant to a stipulation between the parties. The stipulation provided that tenant could remain in the premises if it paid costs, back rent, interest, late charges, and attorney fees by February 16, 1984. It further provided that in consideration of the stipulation, guarantors had executed personal guaranties of the lease. Tenant failed to make payment as provided by the stipulation.

On February 23, 1984, landlords, tenants, and guarantors entered a second agree-ment to stay execution of the judgment which provided a new schedule of payment and reaffirmed the guaranty. Tenants and guarantors made only one of the required payments pursuant to this agreement. Consequently, a writ of restitution in unlawful detainer was entered in the action and tenant was forcibly evicted on April 4, 1984.

Landlords brought this action against guarantors to recover back rent and future rent due through the remainder of the term of the lease. Guarantors answered, in part, that the F.E.D. action had voided the lease and restored possession of the property to landlords; therefore, any guaranty made by the guarantors became null and void. On the day of trial, the parties agreed to submit the action to the trial court on a motion for summary judgment on the legal issue of whether the lease was terminated by the F.E.D. action thereby terminating the guarantors' liability to pay future rent.

The trial court determined that the F.E. D. action terminated the lease. It relied on *GTM Investments v. Depot, Inc.*, 694 P.2d 379 (Colo.App.1984) to conclude that a lease termination operates to relieve a tenant from all future liabilities, including rent, unless the parties have contracted otherwise by express agreement. It then determined that this lease did not provide such an express and unambiguous agreement; therefore, the guarantors were not liable for future rent.

Landlords concede that the *GTM Investments* rule of law applies here. However, they assert that this lease contained an express agreement that the tenant was liable for future rent; therefore, the guarantors were liable for future rent. We agree.

■ If the evidence of an agreement consists of documents, the determination of their effect is a matter of law and the trial court's determination is not binding on review. *Pepcol Manufacturing Co. v. Denver Union Corp.*, 687 P.2d 1310 (Colo. 1984); *Gilpin Investment Co. v. Blake*, 712 P.2d 1051 (Colo.App.1985).

■ The provision of the lease which we must interpret is:

"REMEDIES IN DEFAULT. In the event of any such material default or breach by Tenant, Landlord may at any time thereafter....

24a. Terminate Tenant's right to possession of the Premises by any lawful means, in which case this Lease shall terminate and Tenant shall immediately surrender possession of the Premises to Landlord. In such event Landlord shall be entitled to recover from Tenant all damages incurred by Landlord by reason of Tenant's default including, but not limited to ... the worth at the time of award by the court having jurisdiction thereof of the amount by which the unpaid rent for the balance of the term after the time of such award exceeds the amount of such rental loss for the same period that Tenant proves could be reasonably avoided...."

We conclude this provision provides that the tenant may be held liable for the unpaid rent for the balance of the term less the amount tenant can prove could reasonably have been avoided as a loss by landlord. It expressly provides this liability exists when the lease has been terminated and possession of the premises has been returned to landlord. *See Emrich v. Joyce's Submarine Sandwiches*, 751 P.2d 651 (Colo.App.1987). Therefore, the trial court erred by entering summary judgment in favor of guarantors.

Since we reverse the trial court's judgment on this issue, we do not reach the landlords' remaining contentions. Nor do we address guarantors' arguments which are beyond the scope of the legal issue stipulated to by the parties in the trial court.

The judgment is reversed and the cause is remanded for proceedings consistent with this opinion.

KELLY, C.J., and METZGER, J., concur.