764 P.2d 1158

John MURRAY, a married man, Plaintiff/Appellant,

v.

Delvin ZERBEL and Jane Zerbel, husband and wife; Jane O'Mara, a single woman; and C.O.G., Inc., d/b/a Century 21 Clarke Realty, an Arizona corporation, Defendants/Appellees.

No. 2 CA–CV 88–0179.

Court of Appeals of Arizona, Division 2, Department B.

Nov. 29, 1988.

Parrish & Vingelli by Denise A. Kuestner and Kyle Bryson, Tucson, for plaintiff/appellant.

Jones, Edwards, Smith & Kofron, P.C. by Lyle D. Aldridge, Tucson, for defendants/appellees Delvin and Jane Zerbel.

Monroe & Egbert by Ellen K. Wheeler, Tucson, for defendants/appellees O'Mara and C.O.G., Inc.

## OPINION

FERNANDEZ, Judge.

Appellant John Murray challenges the trial court's granting of summary judgment in favor of appellees Delvin and Jane Zerbel, Jane O'Mara and C.O.G., Inc., doing business as Century 21 Clarke Realty, contending that fact issues exist which require the summary judgment to be vacated. We affirm. The issue we must resolve is whether the mobile home in this case is a fixture or personal property.

In December 1986, the Zerbels entered into an agreement to purchase from Richard and Walcie Van Winkle certain real property and a mobile home located on the property. On December 22, 1986, the property was seized by the Internal Revenue Service because of tax liens against the Van Winkles. Murray and his wife purchased the property for $25,000 at a public auction on January 14, 1987.[1] On March 11, 1987, a process server tendered to Murray a check in the amount of $25,847.29 in order to redeem the property. That amount reflected the amount paid at the tax sale plus 20% statutory interest. 26 U.S.C. § 6337(b)(2). Murray refused the tender, and payment was then made to the Internal Revenue Service on behalf of Murray. The I.R.S. then issued a full lien release. The escrow for the transaction between the Van Winkles and the Zerbels closed in mid-March, and the Zerbels moved into the mobile home on March 18, 1987.

Murray filed a complaint on April 17, 1987, alleging that the mobile home is personal property which cannot be redeemed after a tax lien sale. The complaint alleged trespass and wrongful possession of personal property. It also alleged that O'Mara and Century 21 Clarke Realty, the real estate brokers with whom the Van Winkles had listed the property, acted "intentionally and with knowledge that it was contrary to law to dispossess" Murray.

Both sides moved for summary judgment. The trial court concluded that the mobile home was real property as a matter of law and granted judgment in favor of appellees. This appeal followed. The issue in this case is whether the mobile home is a fixture on the land with the result that both the land and the mobile home were redeemed by the payment to the I.R.S., and the Zerbels then took title to both from the Van Winkles. Murray contends it is per-

---

1. Herta Murray transferred her interest in the property to her husband, and he has prosecuted the action alone.

sonal property which cannot be redeemed and thus belongs to him.

The mobile home at issue is a 24 foot by 60 foot double wide. The tires, wheels and axles have been removed from it, and the towing tongues are buried in the dirt beneath a planter box on the north side of the home. The planter box contains mature evergreen shrubs and has a concrete bulkhead as a retaining wall. The frame of the mobile home is supported by concrete block. Wooden fiberboard skirting is attached to each side. Attached to the front of the mobile home is a concrete porch, 12 feet wide, 60 feet long and 16 inches high. The porch is covered by a metal patio roof which is attached to the mobile home. The porch contains a fishpond and a cemented rock waterfall. Along the back of the home is another poured concrete slab in two sections, one 12 feet wide running the entire length of the home, and an adjacent section 12 feet wide and 30 feet long. A wooden roof covers the rear porch, and there is a frame storage room 12 feet wide and 20 feet long. The home receives underground electrical power and has underground gas and telephone connections. It is attached to a septic tank. Its water supply is a private well owned together with other area homeowners, and the home is connected to the well by underground pipes.

It is apparent from the record that the I.R.S. considered the mobile home to be a fixture. The notice of seizure, the notice of public sale, the advertisement of the sale and the certificate of sale of seized property all describe the land as follows:

> Real Property: [legal description]. Residence is a 1972, double wide, Whittier Mobile Home, *affixed*, 24' × 60', VIN WIPA7707151191X and VIN W1PA77071S1191U. (Emphasis added.)

Additionally, in neither the sale notice nor the certificate of sale did the I.R.S. list any personal property separate from the real property as is required by 26 C.F.R. §§ 301.6335–1 and 301.6337–1. Of course, as Murray has pointed out, the determination of whether property is real or personal is one of state law, not federal. *Humble*

*Oil & Refining Co. v. Copeland*, 398 F.2d 364 (4th Cir.1968); *Commissioner v. Skaggs*, 122 F.2d 721 (5th Cir.1941), cert. denied, 315 U.S. 811, 62 S.Ct. 796, 86 L.Ed. 1210 (1942).

In Arizona, as in many other states, we employ a three-part test for determining when a chattel has become a fixture. "There must be an annexation to the realty or something appurtenant thereto; the chattel must have adaptability or application as affixed to the use for which the real estate is appropriated; and there must be an intention of the party to make the chattel a permanent accession to the freehold." *Fish v. Valley National Bank*, 64 Ariz. 164, 170, 167 P.2d 107, 111 (1946). Of the three parts, the most important is "the intention of the parties as respects the use and adaptability thereof." *Voight v. Ott*, 86 Ariz. 128, 134, 341 P.2d 923, 927 (1959). The above test applies when the parties have not entered into an agreement which characterizes the item as real or personal. *Gomez v. Dykes*, 89 Ariz. 171, 359 P.2d 760 (1961). Finally, for purposes of determining the intention of the parties, we may examine the parties' relationship to each other. *City of Phoenix v. Linsenmeyer*, 78 Ariz. 378, 280 P.2d 698 (1955).

In this case, however, the pertinent parties, the Van Winkles as the affixors and Murray as the purchaser of the property from the I.R.S., had no relationship with each other. In looking at the Van Winkles' intentions, then, we must look to objective manifestations of their intent. *Kerman v. Swafford*, 101 N.M. 241, 680 P.2d 622 (1984); *Logan v. Mullis*, 686 S.W.2d 605 (Tex.1985). Both the mobile home and the real property were owned by the Van Winkles. "Generally, it is presumed that where the owner of the merchandise is also the owner of the realty, permanent accession to the freehold is intended." *Energy Control Services v. Arizona Department of Economic Security*, 135 Ariz. 20, 23, 658 P.2d 820, 823 (App.1982).

Not only have the tires, wheels and axles of the mobile home been removed, but the towing tongues have been buried beneath a permanent planter. Cement

slabs have been poured in the front and back, and porch roofs have been installed above the porches and are attached to the mobile home. Built into the front porch slab are a fishpond and rock waterfall. Attached to the rear slab and nestled against the mobile home is a storage shed. A chimney from a fireplace which was built into the family room of the mobile home protrudes into the rear porch area. Mature plantings surround the home, some of which have climbed up trellises. The total effect, as evidenced by the pictures contained in the record, is a permanent home integrated with the real property, a residential lot, on which it is located. Those objective manifestations clearly point to the conclusion that the home is a fixture.

Because objective manifestations of intent are involved here rather than subjective ones, there is no factual issue which precludes entry of summary judgment. *Kerman v. Swafford,* supra; *Logan v. Mullis,* supra. The case cited by Murray, *Mid–Century Insurance Co. v. Duzykowski,* 131 Ariz. 428, 641 P.2d 1272 (1982), is not applicable because only subjective intent was involved.

Murray contends that the home is personalty because it can be moved. In support of that contention, he cites the affidavit of a mover of mobile homes which was submitted with his summary judgment motion. The mover states in that affidavit that the home would be "readily mobile" if tires, wheels and axles were reinstalled on it, if the towing tongues were excavated and cleaned, if the home were excavated from the concrete slabs, porches and planters and if all the underground utility connections were carefully disconnected. In addition to the affidavit, Murray has cited three cases, in two of which the courts defined the term "mobile home." In *Brownfield Subdivision, Inc. v. McKee,* 19 Ill.App.3d 374, 311 N.E.2d 194 (1974), aff'd, 61 Ill.2d 168, 334 N.E.2d 131 (1975), the issue was whether the structure violated a restrictive covenant. *City of Rutland v. Keiffer,* 124 Vt. 357, 205 A.2d 400 (1964), involved the application of the city's zoning ordinance. In the third case cited by Murray, *Burbridge v. Therrell,* 110 Fla. 6, 148

So. 204 (1933), the structure in question, an easily movable, light frame cottage, was held to have been affixed to the property.

In any event, the movability of the home is not really an issue in this case because the home in issue is clearly a mobile home. What is of importance here is the fact that a great deal of work would be required before this mobile home could be moved. We also note that it would not be possible to move the home without some damage to the land on which it rests, a point which favors a finding that it is a fixture. See *City of Phoenix v. Linsenmeyer,* supra; *Ferganchick v. Johnson,* 28 Colo.App. 448, 473 P.2d 990 (1970); *Citizens Bank v. Hansom,* 497 N.E.2d 581 (Ind.App.1986). We find no merit to Murray's contention that the mobile home is personalty simply because it can be moved.

Murray's primary argument in support of his contention that it is personalty, however, is related to its tax status. He submitted an affidavit of his attorney's secretary which attached a computer printout with the signature of a Bureau of Motor Vehicles agent apparently indicating that as of February 1987, one month after the tax lien sale, the mobile home was listed on the personal property tax rolls. Murray also submitted a copy of an affidavit of affixture which was recorded February 24, 1987. That affidavit is provided for in A.R. S. § 42–641.01, part of the statutes on the taxation of mobile homes. A.R.S. § 42–642 provides that unless an affidavit of affixture has been recorded on a mobile home, it is to be taxed as personal property. Murray contends that the fact that the affidavit of affixture was not recorded until after the tax lien sale is evidence of the Van Winkles' intention that the mobile home remain personalty.

We disagree. Although we have found no Arizona cases on point, we find those of other jurisdictions which have decided the issue to be persuasive. The Supreme Court of Montana, in a suit by a judgment creditor seeking a declaration that a building was real property, concluded that "[t]he method by which the property is assessed for purposes of taxation has no

bearing on whether the structure is real or personal property." *Pacific Metal Co. v. Northwestern Bank*, 205 Mont. 323, 330, 667 P.2d 958, 962 (1983). Accord, *Ferganchick v. Johnson, supra; Citizens Bank v. Hansom, supra.* We find no reason to apply a statute enacted in 1979 which delineates classifications for tax purposes in order to determine whether an item is real or personal property when application of the long-standing common law of fixtures adequately resolves the issue.

We agree with the trial court that the mobile home is real property as a matter of law.

Appellees O'Mara and C.O.G., Inc.'s request for attorney's fees on appeal is denied.

AFFIRMED.

LACAGNINA, C.J., and ROLL, P.J., concur.