**MINING EQUIPMENT INCORPORATED, a Colorado corporation, Plaintiff–Appellee and Cross–Appellant,**

v.

**LEADVILLE CORPORATION, a Colorado corporation, Allen Clowes, Richard F. Clement, Robert G. Risk, John Burkhart, Francis X. McCaffrey, and Richard E. Neal, Defendants–Appellants and Cross–Appellees.**

No. 92CA1191.

Colorado Court of Appeals, Div. III.

June 17, 1993.

Tansey, Rosebrough, Gerding & Strother, P.C., Robin D. Strother, Farmington, NM, for plaintiff-appellee and cross-appellant.

Cosgriff & Berry, P.C., Peter Cosgriff, Leadville, for defendants-appellants and cross-appellees.

Opinion by Judge ROTHENBERG.

Defendants appeal from the judgment of the trial court entered in favor of plaintiff, Mining Equipment, Incorporated (Mining Equipment). Plaintiff cross-appeals that portion of the judgment of the trial court entered in favor of defendants. We affirm in part, reverse in part, and remand with directions.

In 1986 and 1987, defendant Leadville Corporation (Leadville) purchased a mine hoist and a mill circuit from Mining Equipment and subsequently used that equipment at its mine sites. In September 1987, Leadville leased certain other mining equipment from Mining Equipment under four separate agreements (the equipment rental agreements).

In December 1987, the individual defendants loaned money to Leadville. Those amounts were secured by a first deed of trust on real property owned by Leadville, including the property on which the mine hoist and mill circuit were located. In February 1988, the individual defendants recorded the deed of trust.

In December 1988, Leadville sold the hoist, the mill circuit, and other mining equipment to Mining Equipment. Leadville then leased back that same equipment pursuant to a Master Lease Agreement (the master lease).

Leadville subsequently defaulted on its lease payments, and, in October 1989, Mining Equipment filed a complaint in replevin seeking return of the leased items. Following a hearing, the trial court entered an order granting Mining Equipment possession of all of the equipment except the mill circuit, hoist, and a compressor, which the court determined to be fixtures.

Mining Equipment then filed an amended complaint seeking, *inter alia*, an acceleration of the rental payments due under the leases and immediate possession of the leased equipment. Mining Equipment also sought a declaration that its interest in the leased property was superior to the interest of the individual defendants.

Mining Equipment moved for partial summary judgment which was granted. That ruling is not the subject of this appeal. However, when a trial to the court subsequently was held on Mining Equipment's remaining claims, the defendants argued that the trial court had not properly assessed damages in its original order granting Mining Equipment partial summary judgment.

In an order dated April 13, 1992, the trial court entered a somewhat modified judgment in favor of Mining Equipment and against defendants, finding that: (1) contrary to its ruling in the replevin hearing, the compressor and mill circuit were not fixtures; (2) the hoist was a fixture; and (3) the individual defendants' recorded deed of trust gave those defendants priority over Mining Equipment's claim to the hoist.

Further, the judgment entered in favor of Mining Equipment and against Leadville was in the amount of $672,752.99 for the amounts due under the lease agreements, $258,798 in late charges from the date of Leadville's last payment with $375.82 per day accruing thereafter, and $27,659.89 in reasonable attorney fees and costs. The court added:

Of the above sums, $254,409.44 represents the balance due on the hoist and

$123,506.78 represents the portion of the late charge attributable thereto.

The court also awarded Mining Equipment possession of all of the leased property except for the hoist. Finally, the court entered judgment in favor of the individual defendants and against Mining Equipment as to the hoist to the extent of each of the individual defendants' liens. The defendants appeal from the judgment entered April 13, 1992.

## I.

Defendants first contend that the trial court erred in its calculation of damages. More specifically, defendants contend that the trial court erred in awarding Mining Equipment the entire reserved rent plus late charges, accruing late charges, and the return of the leased property without applying the contract principles of avoidable consequences and duty to mitigate. We agree.

The proper measure of damages for the breach of a commercial lease has been set forth by our supreme court in *Schneiker v. Gordon*, 732 P.2d 603 (Colo.1987) and *La Casa Nino, Inc. v. Plaza Esteban*, 762 P.2d 669 (Colo.1988). As the court stated in *La Casa Nino, supra,* at 672:

Under our decision in *Schneiker*, therefore, a lessor may receive from defaulting lessee an award of damages that is commensurate with the benefit of the bargain contemplated in the lease agreement, but any such award must take into consideration any monetary benefit received by the lessor as consideration for reletting the premises, *pursuant to the lessor's duty to mitigate damages.* (emphasis added)

Although *Schneiker* and *La Casa Nino* involved a commercial lease of premises, we consider it applicable to a commercial lease of equipment, such as is presented in the instant case. *See also Robert A. McNeil Corp. v. Paul*, 757 P.2d 165 (Colo. App.1988) (tenant may be held liable for unpaid rent for balance of lease term less amount which could reasonably have been avoided as a loss by landlord); *Bert Bidwell Investment Corp. v. LaSalle & Schif-*

*fer, P.C.*, 797 P.2d 811 (Colo.App.1990) (a party injured by a breach of contract has a duty to make a reasonable effort to reduce the damage sustained).

Here, the master lease provides that, in the event of default, Mining Equipment has the right to:

[D]eclare all Basic Rent and other sums due or to become due under the Rental Schedule immediately due and payable, and sue to enforce the payment thereof....

. . . .

[W]ithout regard to whether Lessor has elected [the above] option ... Lessor may ... repossess the Equipment....

The master lease also provides that a late charge will accrue "on any sum when due for any day not paid."

Similarly, the equipment rental agreements provide that, in the event of default in the payment of any sum, Mining Equipment has the right to:

Take possession of all units leased hereunder and thereby Lessee's right to possession thereof shall terminate, and ... Lessee shall remain and be liable for the payment of the payable rent thereof and all such rent shall become due and payable forthwith;

. . . .

Sue for and recover all charges and payments then accrued or thereafter accruing....

The record reflects that the court granted Mining Equipment possession of most of the equipment as of November 14, 1989, and the parties have not cited to any portion of the record indicating that a stay was entered regarding that possession order. The trial court thus erred in entering judgment for Mining Equipment for all sums sought without allowing Leadville to establish its affirmative defense of mitigation regarding the property for which Mining Equipment had received an order of possession. *See Schneiker v. Gordon, supra; La Casa Nino v. Plaza Esteban, supra.*

■ In addition, insofar as the court on remand determines that Mining Equipment is authorized to recover future payments under the lease, those payments must be reduced to their present worth. *See Emrich v. Joyce's Submarine Sandwiches, Inc.*, 751 P.2d 651 (Colo.App.1987) (Present worth may be determined by expert testimony or other evidence of present worth).

Since we are remanding for a new trial on the issue of damages based upon our conclusion that Mining Equipment had a duty to mitigate beginning with the order of possession dated November 14, 1989, we also direct the trial court on remand to reconsider its award of late charges.

## II.

■ Defendants also contend that the trial court's findings made at the replevin hearing constitute the law of the case and that, therefore, the court is bound by its findings that the mill circuit and compressor were fixtures. We disagree.

■ The doctrine of the law of the case is a discretionary rule of practice directing that prior relevant rulings made in the same case generally are to be followed. It applies to decisions of law, rather than to the resolution of factual questions. *See Governor's Ranch Professional Center, Ltd. v. Mercy of Colorado, Inc.*, 793 P.2d 648 (Colo.App.1990).

■ The determination of whether an article of personal property attached to realty is a fixture or remains personal property is a question of fact. *See Alamosa National Bank v. San Luis Valley Grain Growers, Inc.*, 756 P.2d 1022 (Colo.App.1988).

Here, the court's initial determination that the mill circuit and compressor were fixtures was made at a show cause hearing on Mining Equipment's complaint in replevin. *See* C.R.C.P. 104.

C.R.C.P. 104(g) provides, in pertinent part:

Upon the hearing on the order to show cause ... the court shall consider the showing made by the parties appearing, and shall make a preliminary determination of which party, with reasonable probability, is entitled to possession, use, and disposition of the property, pending final adjudication of the claims of the parties.

Thus, the court's finding that the compressor and mill circuit were fixtures constituted a preliminary determination of a question of fact. As such, the court was not bound by its classification of the items as fixtures.

■ We also reject defendants' contention that the court erred in determining that the mill circuit and compressor were not fixtures.

■ The general tests for determining whether a particular object has become a fixture are: (1) annexation to the real property; (2) adaptation to the use to which the real property is devoted; and (3) intention that the object become a permanent accession to the freehold. *Ferganchick v. Johnson*, 28 Colo.App. 448, 473 P.2d 990 (1970).

■ The determination of whether property is a fixture is a question of fact. Factual findings of the trial court may not be disturbed on appeal unless they are unsupported by the record. *Alamosa National Bank v. San Luis Valley Grain Growers, Inc., supra.*

Here, we find adequate record support for the trial court's conclusion that the mill circuit and the compressor are not fixtures. At trial, the owner of Mining Equipment testified that the milling equipment was not bolted down, was attached only by piping, did not have poured foundations, and could be removed using a forklift, without damaging the building in which the equipment sits. Similarly, the former manager for Leadville testified that the mill equipment was not bolted to the floor. Thus, the items in issue were not annexed to the realty.

In addition, the Master Lease provided: The parties acknowledge and agree that certain of the equipment may be affixed to the real property and fixtures located upon the premises of Lessee and that certain of the property is essential to the operation of the business of Lessee.

*These facts notwithstanding, Lessee grants to Lessor and its agents the right to enter upon the premises where the equipment is located and to remove the equipment therefrom, with the knowledge that certain damage or destruction to the real property and fixtures of Lessee may be required....* (emphasis added)

Thus, under the clear language of the lease, the parties agreed that Mining Equipment could remove the equipment from the property and, as such, they did not intend it to become a "permanent accession to the freehold." *See Ferganchick v. Johnson, supra.*

### III.

■ Next, defendants contend that the court erred in concluding that the mill circuit and compressor were not subject to the individual defendants' deed of trust. Again, we disagree.

"A real estate deed of trust attaches automatically to buildings and personal property which attaches to the land after execution of the deed of trust in such a way as to take on the character of real estate, *i.e.*, which becomes fixtures." *See Alamosa National Bank v. San Luis Valley Grain Growers, Inc., supra*, at 1027.

Since we have previously determined the trial court properly found the mill circuit and compressor were not fixtures, the individual defendants' interest did not attach to those items and the mill circuit and compressor were not subject to the deed of trust.

### IV.

■ On cross-appeal, Mining Equipment contends the trial court erred in finding it was not entitled to possession of the hoist. We disagree.

Here, it is uncontroverted that: (1) the hoist was located on Leadville's property at the time the individual defendants recorded the deed of trust; (2) the hoist was a fixture; and (3) Mining Equipment bought the hoist and leased it back to Leadville nine months after the individual defendants re-

corded the deed of trust. Thus, at the time the individual defendants recorded the deed of trust, the deed of trust attached automatically to the hoist. *See Alamosa National Bank v. San Luis Valley Grain Growers, Inc., supra.*

■ Nevertheless, Mining Equipment contends that, under the terms of the master lease, Leadville agreed to treat the hoist as personalty. According to Mining Equipment, this provision in the master lease was binding on the individual defendants, and therefore, it was entitled to possession of the hoist notwithstanding the individual defendants' prior recorded deed of trust.

In *Horn v. Clark Hardware Co.*, 54 Colo. 522, 131 P. 405 (1913), our supreme court addressed and rejected a contention similar to that made by Mining Equipment here. There, the court held a private agreement between a lessor and a lessee that certain leased property would retain its character of personalty did not change the character of the property as far as the rights of a third-party lien claimant to the property was concerned.

We conclude that, here, as in *Horn*, the private agreement between Mining Equipment and Leadville to classify the property as personalty was not binding upon the individual defendants. The individual defendants' superior security interest in the hoist was not defeated at any time and, as such, took priority over Leadville's interest.

In reaching this conclusion, we also reject Mining Equipment's contention that the agreement in the master lease was binding upon the individual defendants because the individual defendants had notice of that agreement. Mining Equipment cites to no evidence in the record that would support this contention, and its assertion in its brief that the individual defendants had notice because the "primary debenture holder" signed the master lease is insufficient to support its claim. *See Loomis v. Seely*, 677 P.2d 400 (Colo.App. 1983) (statements made in the briefs by litigants cannot supply that which must appear from a certified record).

We have also considered Mining Equipment's request for attorney fees incurred by this appeal and deny it. We similarly deny its motion to strike the reporter's transcript and dismiss the appeal.

The judgment is reversed as to the issue of damages, and the cause is remanded for new trial on that issue only. The judgment is affirmed in all other respects.

TURSI and JONES, JJ., concur.