**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| GENWORTH LIFE AND ANNUITY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> And <br><br> AISHA ZRIHAN, <br><br> Intervenor-Plaintiff - Appellant, <br><br> v. <br><br> JAMES BUTWIN INSURANCE TRUST FUND, Trustees of Caryn Butwin Sokol and Sandra Butwin; et al., <br><br> Defendants - Appellees, <br><br> And <br><br> CAROL DULIS, as Personal Representative of the Estate of Yafit Butwin and HARVEY A. COLEMAN, as Personal Representative of the Estate of James C. Butwin, | No. 14-16080 <br><br> D.C. No. 2:12-cv-01732-GMS <br><br> MEMORANDUM* |

*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Defendants.

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted May 10, 2016
San Francisco, California

Before: FARRIS, O'SCANNLAIN, and CHRISTEN, Circuit Judges.

Aisha Zrihan appeals the district court's order granting summary judgment to her deceased son-in-law's family members in a dispute over life insurance proceeds.[1] We dismiss this appeal for lack of standing. Zrihan has no personal claim to the insurance proceeds. She was not an insured, owner, or beneficiary on either of the policies. Zrihan's daughter was a named beneficiary, but the daughter's estate did not appeal the district court's order. Zrihan's status as her daughter's heir does not confer standing because, under Arizona law, only the personal representative of an estate may bring claims on behalf of the estate. *See In re Tamer's Estate*, 179 P. 643, 644 (Ariz. 1919); *City of Phoenix v. Linsenmeyer*, 280 P.2d 698, 699 (Ariz. 1955). Nor can Zrihan claim the insurance proceeds as James's creditor. James was not a named beneficiary on either policy.

---

[1] The parties are familiar with the facts, so we will not recount them here.

2

And Arizona law precludes Zrihan from contesting formal defects in James's contingent beneficiary designation.  *See, e.g.*, *Doss v. Kalas*, 383 P.2d 169, 172 (Ariz. 1963).

**DISMISSED.**